

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-14-00371-CR
No. 07-14-00372-CR
No. 07-14-00373-CR
No. 07-14-00374-CR
No. 07-14-00375-CR

_____

CALEB LOGAN HART, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 31st District Court
Gray County, Texas
Trial Court Numbers 9662, 9663, 9664, 9665, & 9666;
Honorable Steven R. Emmert, Presiding

November 19, 2015

OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Following pleas of not guilty in each case, a jury found Appellant, Caleb Logan

Hart, guilty of five sexually-related offenses proscribed by the Texas Penal Code.  In

each case the jury assessed sentence and the trial court entered separate judgments as depicted below:

| No. 9662 | Aggravated Sexual Assault<br><br>(Penetration of the sexual organ of A.H., a child under 14 years of age, by defendant's sexual organ on or about June 15, 2013) | § 22.021(a)(1)(B)(i), (a)(2)(B)<br><br>1st Degree Felony | 99 years confinement |
|---|---|---|---|
| No. 9663 | Indecency with a Child<br><br>(Sexual contact by touching A.H., a child under 17 years of age, with defendant's sexual organ on or about September 15, 2011) | § 21.11(a)(1)<br><br>2nd Degree Felony | 20 years confinement |
| No. 9664 | Aggravated Sexual Assault<br><br>(Penetration of the sexual organ of A.H., a child under 14 years of age, by defendant's sexual organ on or about September 16, 2011) | § 22.021(a)(1)(B)(i), (a)(2)(B)<br><br>1st Degree Felony | 99 years confinement |
| No. 9665 | Aggravated Sexual Assault<br><br>(Penetration of the anus of A.H., a child under 14 years of age, by defendant's sexual organ on or about January 5, 2012) | § 22.021(a)(1)(B)(i), (a)(2)(B)<br><br>1st Degree Felony | 99 years confinement |
| No. 9666 | Prohibited Sexual Conduct of Ancestor/Descendant<br><br>(Engaging in sexual intercourse with a person defendant knew to be his niece on June 15, 2013) | § 25.02(a)(1)<br><br>2nd Degree Felony | 20 years confinement |

*See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B) (West Supp. 2015), § 21.11(a)(1) (West 2011), § 22.021(a)(1)(B)(i), (a)(2)(B) (West Supp. 2015), § 22.021(a)(1)(B)(i), (a)(2)(B) (West Supp. 2015), § 25.02(a)(1) (West 2011).

All five sentences were ordered to run consecutively. By his original brief, Appellant presents a single issue asserting a double jeopardy violation based upon his belief that his conviction for indecency with a child by sexual contact in Cause Number 9663 was subsumed by the offense of aggravated sexual assault in Cause Number 9664, due to the fact that both offenses were based on a single incident or transaction. By his supplemental brief filed pursuant to an order of this court,[1] Appellant contends that his conviction in Cause Number 9666 is "void" because there was no evidence to support his conviction for "prohibited sexual conduct with an ancestor or descendant." Alternatively, he further contends the sentence imposed in Cause Number 9666 is an illegal sentence.

In its supplemental brief, the State agrees that Appellant's sentence in Cause Number 9666 is illegal; however, it does not address Appellant's argument concerning a void conviction. Appellant does not present a challenge regarding his convictions in Cause Numbers 9662 or 9665. We affirm Appellant's conviction in all five cases; however, we reverse the judgment entered in Cause Number 9666, and we remand that case for a new punishment hearing and entry of a corrected judgment.

BACKGROUND

Appellant was the paternal uncle of the victim, A.H., a child who was under 14 years of age at the time each offense occurred. Appellant was accused of illegal sexual conduct with A.H. beginning when she was eleven years old and continuing until she was thirteen. His double jeopardy argument stems from offenses which occurred in

---

[1] *Hart v. State*, No. 07-14-00375-CR, 2015 Tex. App. LEXIS 9842, at *2-3 (Tex. App.—Amarillo Sept. 21, 2015, order) (not designated for publication).

3

September of 2011. Except as it peripherally relates to his argument that the verdict in Cause Number 9666 is void, Appellant does not raise a challenge to the sufficiency of the evidence; thus, only the facts necessary to disposition of his double jeopardy argument will be presented.

A.H. was fourteen years old at the time of trial and she testified. According to her testimony, in September 2011, she and her sister customarily went to their grandmother's house after school while their mother was at work. When their grandmother was unavailable to supervise the girls, Appellant would watch after them. According to A.H.'s testimony, on one occasion Appellant asked her to speak with him upstairs. She testified that they proceeded upstairs, whereupon Appellant disrobed her and "put his unmentionable spot in my unmentionable spot."[2] The prosecutor followed up with "that time when you were 11 years old, upstairs, did [Appellant] touch you in any other way . . . with his unmentionable spot?" A.H. answered, "[y]es, he put his unmentionable spot on my chest" and "rubbed it on my chest." The jury convicted Appellant of both aggravated sexual assault and indecency with a child based upon the events A.H. described as having occurred at her grandmother's house in September of 2011.

DOUBLE JEOPARDY ANALYSIS

There are three constitutional protections against double jeopardy: (1) protection against a second prosecution for the same offense after an acquittal; (2) protection against a second prosecution for the same offense following a conviction; and (3)

---

[2] The record reflects that A.H. used her hand to point to her female sexual organ as her unmentionable spot. She described Appellant's unmentionable spot as his private area.

protection against multiple punishments for the same offense. *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014). Essentially, Appellant is complaining that he received multiple punishments for conduct that occurred in a single incident. The remedy, he contends, is to retain the most serious offense and vacate the lesser offense. The State argues there was no double jeopardy violation because Appellant committed two separate and distinct acts. We agree with the State.

What constitutes the "same" offense for double jeopardy purposes in the multiple-punishments context is strictly a matter of legislative intent. In that context, we must ask ourselves, under the facts of this case, how many different offenses did the Legislature contemplate an accused should be susceptible to being punished for? *Gonzales v. State*, 304 S.W.3d 838, 845 (Tex. Crim. App. 2010). Thus, the true inquiry in a multiple-punishments case is whether the Legislature intended to authorize the separate punishments. *Garfias*, 424 S.W.3d at 58 (citing *Ervin v. State*, 991 S.W.2d 804, 814 (Tex. Crim. App. 1999)). When, as here, the offenses in question stem from different statutory sections of the Penal Code—sections 21.11(a)(1) and 22.021(a)(2)(B), we conduct an "elements" analysis to determine legislative intent. *Garfias*, 424 S.W.3d at 58.

In Cause Number 9663, charging Appellant with indecency with a child by contact, the indictment read as follows: "Defendant . . . did then and there, with the intent to arouse or gratify the sexual desire of said Defendant, intentionally or knowingly engage in sexual contact with A.H., a child younger than 17 years of age, by touching A.H. with Defendant's sexual organ . . . ." In Cause Number 9664, charging Appellant with aggravated sexual assault, the indictment read: "Defendant . . . did then and there

5

intentionally or knowingly cause the penetration of the sexual organ of A.H., a child who was then and there younger than 14 years of age, by Defendant's sexual organ."

Relying on *Cunningham v. State*, 726 S.W.2d 151, 155 (Tex. Crim. App. 1987), Appellant maintains that the indictment for indecency with a child was subsumed as a lesser included offense of aggravated sexual assault because sexual contact was a component part of the penetration alleged in Cause Number 9664. Under certain circumstances, indecency with a child is a lesser included offense of aggravated sexual assault of a child when both offenses are predicated on a single act of molestation. *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009).

In *Evans,* the defendant was charged with aggravated sexual assault of a child and indecency with a child by contact committed against the same victim on the same date. Count One was charged as follows: Evans "did intentionally and knowingly cause the SEXUAL ORGAN of [the complainant], a child who was younger than 14 years, to CONTACT AND PENETRATE the MOUTH of THE DEFENDANT." Count Two charged that Evans "did intentionally and knowingly engage in sexual contact with [the complainant], A MALE CHILD YOUNGER THAN SEVENTEEN (17) YEARS by touching the PART OF THE GENITALS of [the complainant] with the intent to arouse or gratify the sexual desire of any person." In reaching its conclusion in a case where the appellant and complainant were both male, the Court stated "we cannot imagine how it would be even theoretically possible to commit this particular form of penetration without an intent to arouse or gratify one's sexual desire." *Id.* at 140 n.3. Hence, under the facts of that case, because the factual elements of indecency with a child by contact

6

were contained within the factual elements of aggravated sexual assault, the lesser charge was subsumed by the greater charge.

Appellant also cites *Ochoa v. State*, 982 S.W.2d 904 (Tex. Crim. App. 1998), to support his argument that his conviction for indecency with a child should be vacated. In *Ochoa*, the appellant asserted he was improperly convicted of two offenses stemming from one criminal act. *Id.* at 907. The Fourth Court of Appeals agreed and vacated the most serious offense. *Ochoa v. State*, 955 S.W.2d 389, 392 (Tex. App.—San Antonio 1997), *aff'd*, 982 S.W.2d 904 (Tex. Crim. App. 1998). The facts, however, are distinguishable.

Ochoa was charged with five counts of aggravated sexual assault against his six-year-old niece alleged to have occurred on five separate dates and five counts of indecency with his niece also alleged to have occurred on the same five dates. He was convicted of one count of aggravated sexual assault and one count of indecency with a child allegedly occurring on the same date. The evidence showed Ochoa touched and penetrated the victim's sexual organ. *Id.* at 392. Resultantly, if the State proved penetration, it also proved the necessary elements for the corresponding count of indecency with a child. *Id.* The Fourth Court of Appeals found that the trial court's failure to instruct the jury on the lesser included offense resulted in Ochoa being convicted of two crimes arising from the same criminal act or transaction.

The holdings in *Evans* and *Ochoa* are inapposite to the facts in this case. Notwithstanding that Appellant was charged with offenses occurring during a single incident, he committed two separate and distinct acts. According to the evidence, he

7

violated section 22.021(a)(2)(B) of the Penal Code by causing his sexual organ to penetrate A.H.'s sexual organ. He then violated section 21.11(a)(1) by rubbing his sexual organ on A.H.'s chest. The Legislature intended that Appellant's conduct be punishable as two separate and distinct acts. Unlike the facts in *Evans* and *Ochoa*, the indecency with a child by contact offense was not subsumed in the aggravated sexual assault offense and cannot be characterized as a lesser included offense entitling Appellant to have his conviction for indecency with a child vacated. Appellant's issue is overruled.

VOID CONVICTION ANALYSIS

Appellant further contends that his conviction in Cause Number 9666 is "void" because there was no evidence to support the jury's verdict finding him "guilty of the offense of prohibited sexual conduct *with an ancestor or descendant*, as charged in the indictment." Appellant contends the evidence is insufficient because the evidence showed sexual conduct with his *niece,* not an ancestor or descendant. While the heading of the indictment in Cause Number 9666 does refer to the offense charged as "PROH SEXUAL CONDUCT WITH ANCESTOR/DESCENDANT," a second degree felony, the substantive allegations of the indictment were that Appellant "did intentionally or knowingly engage in sexual intercourse with A.H., a person [Appellant] knew to be, without regard to legitimacy, [Appellant's] niece." Because the substantive allegations of the indictment correctly charge the offense of *Prohibited Sexual Conduct*, a third

8

degree felony, the additional language in the heading was merely inapposite surplusage.[3]  *See* TEX. PENAL CODE ANN. § 25.02(a)(5), (c).

While the *Court's Charge* on guilt or innocence did repeat this misnomer, the application paragraph tracked the indictment.  As such, the jury was not misled and the evidence was legally sufficient to support its finding of guilt as to the offense substantively charged in the indictment, to-wit: the third degree felony offense of *Prohibited Sexual Conduct.*  To the extent that the judgment entered misidentifies the offense charged and applicable range of punishment, it is in error and should be reformed.

ILLEGAL SENTENCE ANALYSIS

As stated above, the offense charged was the third degree felony offense of *Prohibited Sexual Conduct.*  Because the *Court's Charge on Punishment* incorrectly recites Appellant "has been found guilty by you of the offense of PROHIBITED SEXUAL CONDUCT WITH ANCESTOR OR DESCENDANT, a felony of the Second Degree," it is erroneous.  Because the charge further instructs the jury that the range of punishment applicable to Appellant's offense is "confinement . . . for not less than 2 years nor more than 20 years," the judgment entered in response to that charge is reversible.[4]

While the offense of prohibited sexual conduct with an actor's *ancestor or descendant* by blood or adoption is indeed a second degree felony, *id.* at § 25.02(a)(1),

---

[3] There is no offense entitled "Prohibited Sexual Conduct with Ancestor or Defendant."  The offense is simply "Prohibited Sexual Conduct."  *See* TEX. PENAL CODE ANN. § 25.02(a) (West 2011).

[4] Where, as here, the issue is that of an illegal sentence, preservation of error was not required in the trial court.  *See Mizell v. State*, 119 S.W.3d 804, 806 n.6 (Tex. Crim. App. 2006).

(c), that is not the offense applicable in this case. Appellant was charged and convicted of the offense of prohibited sexual conduct with his *niece*, a third degree felony. *Id.* at (a)(5), (c). Punishment for a third degree felony is "any term of not more than 10 years or less than 2 years." *Id.* at § 12.34(a). A sentence outside the range of punishment authorized by law is an illegal sentence, *Ex Parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013), which is void and must be reversed. *Farias v. State*, 426 S.W.3d 198, 200 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (holding that a sentence outside the statutory range of punishment for an offense is void and must be reversed, *citing Hern v. State*, 892 S.W.2d 894, 896 (Tex. Crim. App. 1994)). Because Appellant's sentence exceeds the maximum sentence allowed by law, it is an illegal sentence. Accordingly, we reverse that sentence and remand this cause to the trial court for a new punishment hearing.

CONCLUSION

The trial court's judgments in Cause Numbers 9662, 9663, 9664, and 9665 are affirmed. In Cause Number 9666, that portion of the judgment pertaining to conviction is affirmed. That portion of the judgment pertaining to punishment is reversed and the cause is remanded to the trial court for a new punishment hearing and entry of a corrected judgment.

Patrick A. Pirtle<br>
Justice

Publish.