

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00217-CV
_____

IN RE CALEB LOGAN HART, RELATOR

Original Proceeding
Arising From Proceedings Before the 31st District Court,
Gray County, Texas
Trial Court Nos. 9662, 9663, 9664, 9665, 9666 & 9392; Honorable Steven R. Emmert, Presiding

July 24, 2019

## ORIGINAL PROCEEDING

### Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Relator, Caleb Logan Hart, an inmate proceeding *pro se* and *in forma pauperis*, has filed a petition for writ of mandamus seeking to compel the Honorable Steven R. Emmert, presiding judge of the 31st District Court, to vacate all court costs and fees assessed in trial court cause numbers 9662, 9663, 9664, 9665, and 9666. Relator also seeks to compel Judge Emmert to amend a supplemental *Bill of Cost* in trial court cause number 9392, generated in 2019, that added a $2,000 fine to the original *Bill of Cost*

generated in 2014. For the reasons explained herein, Relator's petition for writ of mandamus is denied.

**BACKGROUND**

The charges brought against Relator in trial court cause numbers 9662, 9663, 9664, 9665, and 9666, resulted in five convictions for sexually-related offenses (three convictions for aggravated sexual assault, one conviction for indecency with a child, and one conviction for prohibited sexual conduct). The offenses were alleged to have occurred on four different dates between 2011 and 2013. Relator was convicted and sentenced in each cause on October 15, 2014. Those convictions were affirmed by this court in *Hart v. State*, 481 S.W.3d 679, 685 (Tex. App.—Amarillo 2015, no pet.).

The certified copy of each *Bill of Cost,* included in Relator's appendix to his petition, reflect that they were all generated on January 25, 2019. The "Fine, Fees & Court Costs" on each *Bill of Cost* include line-item categories as follows:

| | |
|---|---|
| DISTRICT CLERK | $40.00 |
| CONSOLIDATED COURT COSTS | $133.00 |
| RECORDS MANAGEMENT – COUNTY | $22.50 |
| RECORDS MGMT DC | $2.50 |
| COURTHOUSE SECURITY | $5.00 |
| JURY FEE | $4.00 |
| JUDICIAL SUPPORT | $6.00 |
| TIME PAYMENT | $25.00 |
| INDIGENT (IDF) | $2.00 |
| TECHNOLOGY | $4.00 |
| ELECTRONIC FILING | $5.00 |
| SHERIFF | $60.00 |
| JURY TRIAL FEE | $20.00 |
| DNA – FELONY | $250.00 |
| | $579.00 |

With the exception of the *Bill of Cost* in cause number 9663, each *Bill of Cost* reflects a total assessment of $579.00. The *Bill of Cost* in cause number 9663 includes an additional $100 for "Child Abuse Prevention," for a total assessment of $679.00.

Also included in Relator's Appendix is a copy of the original *Bill of Cost* in cause number 9392, reflecting a total assessment of $998.00, as of November 7, 2014, and an amended *Bill of Cost* reflecting a total assessment of $2,998.00, as of January 25, 2019. The difference between the original and amended *Bill of Cost* is the addition of a fine in the amount of $2,000.00.

Relator asserts that in April 2019, his family deposited $130.00 into his inmate account of which all but $2.30 was applied to costs and fees assessed. This, he argues, constitutes cruel and unusual punishment in violation of the Eighth Amendment and a violation of his due process rights by garnishing repetitive fees assessed pursuant to five separate bills of cost for a "single prosecution." He also contends there is insufficient evidence to support the costs and fees assessed against him.

### MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, the relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles.

*See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To establish no adequate remedy by appeal, the relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, in order to establish a ministerial act, a relator must also show (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

### APPLICABLE LAW

A clerk of a court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of that statement. TEX. CODE CRIM. PROC. ANN. art. 103.009(a), (c) (West 2018). A certified bill of costs imposes an obligation on a criminal defendant to pay court costs, irrespective of whether that bill is incorporated by reference into the written judgment. *See generally* TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.003 (West 2018). Legislatively-mandated court costs may be withdrawn from an inmate's account without regard to his ability to pay and do not need to be included in the oral pronouncement of sentence or in the written judgment in order to be imposed upon a convicted defendant. *See Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009) (holding that because court costs are not punitive, they did not have to be included in the oral pronouncement of sentence as a precondition to their inclusion in the trial court's judgment). *See also Armstrong v. State*, 340 S.W.3d 759, 766-67 (Tex. Crim. App. 2011); *Williams v. State*, 332 S.W.3d 694, 699 (Tex. App.—Amarillo 2011, pet. denied).

4

Texas prisoners have a property interest in their inmate accounts. *Harrell v. State*, 286 S.W.3d 315, 319 (Tex. 2009). That said, section 501.014(e) of the Texas Government Code authorizes the trial court to generate a withdrawal notification (commonly known as an *Order to Withdraw Funds*) directing prison officials to withdraw money from an inmate's account. TEX. GOV'T CODE ANN. § 501.014(e) (West Supp. 2018). However, due process requires that an inmate have an opportunity to contest the dollar amount and statutory basis of the withdrawal of funds by way of a motion to modify, correct, or rescind the withdrawal notification. *See Owen v. State*, 352 S.W.3d 542, 545-46 (Tex. App.—Amarillo 2011, no pet.) (interpreting *Harrell*). Generally, a challenge to the assessment of court costs and fees is presented by contesting a trial court's *Order to Withdraw Funds*. *See Maldonado v. State*, 360 S.W.3d 10, 12 (Tex. App.—Amarillo 2010, no pet.). The trial court's disposition of an inmate's challenge to such an order creates an appealable order. *In re Corker*, Nos. 07-11-0454-CV, 07-11-0455-CV, 2011 Tex. App. LEXIS 9208, at *5 n.5 (Tex. App.—Amarillo Nov. 18, 2011, orig. proceeding).

**ASSESSMENT OF COSTS**

The obligation of a convicted person to pay "court costs" is established by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018) (providing that judgments imposing punishment other than fines shall specify the costs against the defendant and order the collection thereof as in other cases). The Texas Code of Criminal Procedure further sets forth the process for recordkeeping, payment, and collection of court costs. *See generally* TEX. CODE CRIM. PROC. ANN. art. 103.001 - .012 (West 2018).

5

**INMATE ACCOUNTS**

The Texas Department of Criminal Justice is required by statute to maintain a financial account on behalf of every inmate and credit to that account "all money that an inmate has on the inmate's person or that is received with the inmate when the inmate arrives at a facility . . . and all money the inmate receives at the department during confinement . . . ." TEX. GOV'T CODE ANN. § 501.014(a) (West Supp. 2018). From that account, the Department shall be allowed to release money "on the written order of the inmate in whose name the account is established or as required by law or policy subject to restrictions on the expenditure established by law or policy." *Id.* In addition, "[o]n notification by a court, the department shall withdraw from an inmate's account any amount the inmate is ordered to pay by order of the court under [section 501.014(e)]." § 501.014(e). Subparagraph (e) of section 501.014 further establishes a series of priorities for payments from an inmate's account.

**ANALYSIS**

Relying on article 102.073 of the Texas Code of Criminal Procedure and other statutes, Relator contends he was wrongfully assessed duplicate costs and fees arising from a single criminal prosecution that resulted in multiple convictions. Article 102.073(a) provides that "[i]n a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2018). A "single criminal action" has been interpreted to mean a prosecution where the evidence of two or more offenses or multiple counts of the same offense are presented in a single trial or plea proceeding. *See Hurlburt v. State*, 506 S.W.3d 199, 203-04 (Tex.

App.—Waco 2016, no pet.). The statute, however, only applies to costs and fees *imposed* on or after the effective date of September 1, 2015, regardless of whether the offense for which the cost or fee was imposed was committed before, on, or after that date.[1] As noted above, Relator's convictions arise from offenses alleged to have been committed on four different dates between 2011 and 2013, for which he was convicted and sentenced on October 15, 2014. While many of the fees at issue in this case would not be proper under article 102.073(a), because these fees were imposed before the effective date of that article, its application is inapposite under the facts of this case.[2]

Relator further argues he should be excused from payment of costs and fees pursuant to Rule 145 of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 145. Rule 145 excuses payment of costs by a party who files a Statement of Inability to Afford Payment of Court Costs." "Costs" are defined as any fee charged that "could be taxed in a bill of costs." TEX. R. CIV. P. 145(c). However, Rule 145 applies only to a party filing a civil suit under a claim of indigence. It has no application to costs and fees assessed resulting from a criminal prosecution. Furthermore, a defendant's financial ability to pay costs is not relevant with respect to legislatively-mandated court costs. *See Owen,* 352 S.W.3d at 546; *Williams v. State,* 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied).

Here, Relator never presented a request to Judge Emmert to vacate some or all of the court costs and fees assessed; nor did he file a motion to modify, correct, or amend

---

[1] *See* Act of May 30, 2015, 84th Leg., R.S., ch. 1160, §§ 2, 3, 2015 Tex. Gen. Laws 3925.

[2] We expressly do not reach the issue of whether, as a matter of due process or common law, court costs imposed prior to September 1, 2015, may be duplicated when more than one offense is prosecuted in a single criminal action.

7

any of the bills of cost or withdrawal orders. Although Relator presents a well-reasoned petition with meritorious arguments, mandamus will not lie when the judge sought to be compelled to vacate fees and costs has not been given an opportunity to consider Relator's complaints and arguments. Accordingly, Relator has not satisfied his burden to show a demand for performance by Judge Emmert and a refusal to act on that demand. As such, he has failed to show any abuse of discretion. Consequently, relief from any costs and fees that may have been inappropriately assessed in cause numbers 9662, 9663, 9664, 9665, and 9666 is not warranted under the documents provided to this court or under the tenets of a mandamus proceeding.[3]

Similarly, in cause number 9392, Relator has not provided this court with sufficient documentation to substantiate his claim that a $2,000 fine was improperly added. Without the necessary documentation pertaining to cause number 9392, we are unable to express an opinion as to the propriety of the amended 2019 *Bill of Cost*, nor are we authorized to grant any relief.

### CONCLUSION

Relator's petition for writ of mandamus is denied.

Per Curiam

---

[3] Should Relator pursue a direct challenge to any *Bill of Cost* presented here and obtain an unfavorable ruling on his challenge, a direct appeal from that ruling is permissible. *See In re Corker*, Nos. 07-11-0454-CV, 07-11-0455-CV, 2011 Tex. App. LEXIS 9208, at *5 n.5 (Tex. App.—Amarillo Nov. 18, 2011, orig. proceeding).