

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————

No. 07-20-00201-CV
No. 07-20-00202-CV
No. 07-20-00203-CV
No. 07-20-00204-CV
No. 07-20-00205-CV
No. 07-20-00206-CV

———————————

## IN RE CALEB LOGAN HART, RELATOR

Original Proceeding
Arising From Proceedings Before the 31st District Court
Gray County, Texas
Trial Court Nos. 9662, 9663, 9664, 9665, 9666, and 9392;
Honorable Steven R. Emmert, Presiding

September 29, 2020

## MEMORANDUM OPINION

Before PIRTLE, PARKER, and DOSS, JJ.

Relator, Caleb Logan Hart, proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel Respondent, the Honorable Steven R. Emmert, to rule on his pending post-conviction *Motion to Modify, Correct, or Rescind Trial Court's Withdrawal*

*Notifications in Nunc Pro Tunc* filed in trial court cause numbers 9662, 9663, 9664, 9665, 9666, and 9392.[1]  In the underlying trial court proceeding, Relator was convicted of five sexually-related offenses (three convictions for aggravated sexual assault, one conviction for indecency with a child, and one conviction for prohibited sexual conduct) on October 15, 2014.  Those convictions were affirmed by this court in *Hart v. State,* 481 S.W.3d 679, 685 (Tex. App.—Amarillo 2015, no pet.).  His petition in this cause includes a *Certificate of Service* indicating that a copy of his petition was mailed to Judge Emmert on August 14, 2020.[2]  By a sole issue, he argues Judge Emmert should be ordered to make a ruling on his pending motion.  Pursuant to Rule 52.4 of the Texas Rules of Appellate Procedure, a response from Judge Emmert was requested; however, he did not file a response or otherwise rule on the pending motion.  For the reasons expressed herein, we conditionally grant Relator's petition for a writ of mandamus.

### BACKGROUND

In 2014, following a plea of "not guilty" as to each offense, Relator was convicted by a jury of five sexually-related offenses.  The offenses were alleged to have been committed in 2011, 2012, and 2013.  On direct appeal, by an opinion dated November 15, 2015, four of the five offenses were affirmed and the fifth offense (Cause Number

---

[1] Relator filed a separate petition making the same complaint regarding trial court cause number 9392 only.  Because the circumstances surrounding the underlying offense in that cause (in which he was convicted of burglary of a habitation) differ from the circumstances surrounding the underlying offenses addressed in this opinion (in which he was convicted of sexually-related offenses), we have separately disposed of the complaint arising from trial court cause number 9392 via a separate opinion issued in appellate cause number 07-20-00200-CV.

[2] Pleadings of *pro se* inmates are deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk. *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010).

9666, prohibited sexual conduct) was affirmed as to guilt or innocence, but reversed as to punishment.[3] On January 25, 2019, the Gray County District Clerk generated five separate *Bills of Cost* corresponding to the five convictions. The *Bills of Cost* are included with Relator's petition for writ of mandamus. They include court costs and certain fees, but exclude any assessments for court-appointed attorney's fees and fines.

This is Relator's second effort in this court challenging court costs and fees which he asserts are depleting funds in his inmate account. *See In re Hart*, No. 07-19-00217-CV, 2019 Tex. App. LEXIS 6361, at *1-3 (Tex. App.—Amarillo July 24, 2019, orig. proceeding). In the prior proceeding, this court acknowledged that Relator presented "a well-reasoned petition with meritorious arguments" but denied his request for mandamus relief because none of the documents showed that Judge Emmert had ever been *presented* with a request to vacate some or all of the fees. *Id.* at *8.

Based on our prior opinion, in August 2019, Relator filed a *Motion to Modify, Correct, or Rescind Trial Court's Withdrawal Notifications in Nunc Pro Tunc* in the trial court contesting the duplicate inclusion of court costs and fees. By his motion, he argued it was unconstitutional to assess costs and fees against an indigent defendant such as himself. Relator relies on article 43.091 of the Texas Code of Criminal Procedure in support of his argument that costs and fees should be waived due to his indigency. *See*

---

[3] Although not directly at issue in this proceeding, the record here does not reflect whether a new punishment hearing was ever held in Cause Number 9666, nor whether additional costs, fees, and fines were imposed. This court is, however, concerned that as of this date, the online records of the Texas Department of Criminal Justice still reflect the illegal sentence returned in Cause Number 9666, almost five years after that sentence was reversed by this court. *See* TEXAS DEPARTMENT OF CRIMINAL JUSTICE – OFFENDER INFORMATION SEARCH, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid= 07332374 (last visited Sept. 21, 2020).

TEX. CODE CRIM. PROC. ANN. art. 43.091 (West Supp. 2020) (providing in part that a court may waive payment of a fine or cost imposed on a defendant who defaults in payment if the court determines he is indigent). Relying on article 102.073 of the Texas Code of Criminal Procedure, he also argued the trial court could assess each cost or fee only once for two or more convictions or for convictions on multiple counts of the same offense stemming from a single criminal action. *See id.* at art. 102.073 (West 2018).[4]

After no action was taken on his pending motion, in January 2020, Relator filed a *Motion for Consideration of Motion to Modify, Correct, or Rescind Trial Court's Withdrawal Notification in Nunc Pro Tunc* requesting the trial court to reconsider the previously filed motion. To date, his motions have not been addressed by the trial court and he now seeks mandamus relief.

### MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, a relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See*

---

[4] We note that article 102.073 was enacted in 2015 and applies only to costs and fees imposed on or after the effective date of September 1, 2015. *See* Act of May 30, 2015, 84th Leg., R.S., ch. 1160, §§ 2,3, 2015 Tex. Gen. Laws 3925.

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To establish no adequate remedy by appeal, a relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, in order to establish a ministerial act, a relator must also show (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

### ANALYSIS

Following this court's analysis in our prior opinion, Relator challenged the five *Bills of Cost* by two separate motions to modify, correct, or rescind withdrawal orders: one filed in August 2019, and another filed in January 2020. By this proceeding, he seeks to compel Judge Emmert to rule on his pending motions.

When a motion is properly pending before a trial court, the act of considering and ruling on the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable time period within which to perform that ministerial duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Ex parte Bates*, 65 S.W.3d 133, 134-35 (Tex. App.—Amarillo 2001, orig. proceeding). No bright line demarcates the boundaries of a reasonable time period. *Id.* at 135.

A reasonable period of time is a matter to be determined based on myriad factors such as the trial court's knowledge of the matter, the state of its docket, and the existence of other judicial and administrative matters. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The trial court has inherent power to control its own docket. *Ex parte Bates*, 65 S.W.3d at 135.

This court has held that a court is not required to consider a motion of which it is unaware and that the filing of a document with the district clerk does not impute the information to the trial court. *In re Chavez*, 62 S.W.3d at 228. However, when a trial court becomes aware of a filing and a reasonable period of time has passed, the act of ruling on the matter is a ministerial act and mandamus is appropriate if the trial court has not performed its duty. *In re Llamas*, No. 07-19-00288-CV, 2019 Tex. App. LEXIS 10158, at *4 (Tex. App.—Amarillo Nov. 22, 2019, orig. proceeding).

For incarcerated litigants, it is a hopeless endeavor to physically present a matter to the trial court for consideration. There are, however, cases in which the trial court acquires knowledge of a pending matter sufficient to satisfy the presentment requirement for mandamus relief. *See id.* at *5 (granting mandamus relief for the trial court to issue a formal, appealable order after it had ruled on a pending motion only by letter); *In re Webb*, No. 07-15-00050-CV, 2015 Tex. App. LEXIS 7532, at *2 (Tex. App.—Amarillo July 21, 2015, orig. proceeding) (granting mandamus relief and noting that the respondent was aware of pending motions because he had corresponded with the relator regarding a hearing on the motions); *In re Guetersloh*, 326 S.W.3d 737, 739 (Tex. App.—Amarillo 2010, orig. proceeding) (granting mandamus relief where the trial court was aware of a

6

pending motion because it notified the relators it would take no action without their obtaining legal representation).

Regarding Relator's complaints, Judge Emmert was directly provided with a letter and a copy of this court's July 24, 2019 opinion discussing Relator's issues with respect to the five *Bills of Cost* dated January 25, 2019, which correspond to his five judgments of conviction for sexual offenses.

We find that our opinion sent to Judge Emmert was sufficient to bring Relator's complaints to his attention. It would be disingenuous of us to deny mandamus relief on a legitimate complaint for failure to "present" the matter to the trial court when we have already "presented" the matter to the trial court via our prior opinion and a reasonable period of time to rule has lapsed. Accordingly, we find that sending our opinion to Judge Emmert was sufficient to bring Relator's complaints to his attention and the fact that he has had almost a year to rule on that motion is sufficient to establish that he has had a reasonable period of time to rule on that motion.[5]

Therefore, Judge Emmert is directed to enter a formal order on Relator's pending motions. In his consideration of Relator's motions, we remind both Relator and Judge Emmert of the following case law:

---

[5] Given the current circumstances of the Covid-19 pandemic which has resulted in a decline in court proceedings, we find that a reasonable period of time has passed since Relator filed his first motion complaining of the *Bills of Cost*. Time is of the essence where the motions filed challenge monthly deductions from Relator's inmate account.

- Fines are punitive and they are intended to be part of a convicted defendant's sentence. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Thus, a fine must be contained in the trial court's pronouncement of sentence in order to be included in a judgment. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009). A properly assessed fine is collectible by means of an order to withdraw funds regardless of a defendant's ability to pay. *Williams v. State*, 332 S.W.3d 694, 699 (Tex. App.—Amarillo 2011, pet. denied).

- If a trial court determines that a defendant has financial resources that enable him to repay, in whole or in part, the costs of legal services provided by a court-appointed attorney, the court has authority to order a convicted defendant to pay "as court costs the amount that it finds the defendant is able to pay." *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2020). A trial court errs if it orders reimbursement of court-appointed attorney's fees without record evidence demonstrating a defendant's financial resources to offset the costs of legal services. *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010).

- A certified bill of cost imposes an obligation on a criminal defendant to pay court costs, regardless of whether that bill is incorporated by reference into the written judgment. *See generally* TEX. CODE CRIM. PROC. ANN. arts. 103.001 (West 2018), 103.003 (West Supp. 2020). *See also* TEX. GOV'T CODE ANN. §§ 102.001-103.033 (West 2019 & Supp. 2020). Legislatively mandated court costs are properly collectible by means of a withdrawal order regardless of ability to pay. *Williams*, 332 S.W.3d at 700.

That being said, this court's edict should not be construed as directing how Judge Emmert should rule on the pending motions. *In re Llamas*, 2019 Tex. App. LEXIS 10158, at *5. A trial court's disposition of an inmate's challenge to a withdrawal order creates an appealable order.[6] *See In re Corker*, Nos. 07-11-0454-CV, 07-110455-CV, 2011 Tex. App. LEXIS 9208, at *5 n.5 (Tex. App.—Amarillo Nov. 18, 2011, orig. proceeding).

---

[6] An appeal from a trial court's order on a motion to modify, correct, or rescind an order to withdraw funds must be perfected in accordance with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.1.

8

**CONCLUSION**

Relator's petitions for writ of mandamus are conditionally granted only to the extent he seeks a ruling on his pending motions. We express no opinion on the merits of any relief sought by Relator by his pending motions. We will direct the clerk of this court to issue writ only in the event Judge Emmert fails to comply with this court's directive within thirty days of this opinion.

Per Curiam