

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-20-00333-CR
No. 07-20-00334-CR
No. 07-20-00335-CR
No. 07-20-00336-CR
No. 07-20-00337-CR
No. 07-20-00338-CR

———————————————

CALEB LOGAN HART, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 31st District Court
Gray County, Texas
Trial Court Nos. 9392, 9662, 9663, 9664, 9665p & 9666
Honorable Steven R. Emmert, Presiding

March 23, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Caleb Logan Hart, has made several attempts for judicial review of *Bills of Cost* entered in six previous convictions in trial court cause numbers 9392, 9662, 9663,

9664, 9665, and 9666.  His most recent attempt resulted in the trial court denying his *Motion to Modify*, *Correct*, *or Rescind Trial Court's Withdrawal Notifications Nunc Pro Tunc* in each cause.

In a two-part brief, Appellant first presents two issues challenging the denial of his motion in trial court cause number 9392 (Appellate Cause Number 07-20-00338-CR). Specifically, he challenges (1) the sufficiency of the evidence to support the assessment of court-appointed attorney's fees and (2) the trial court's authority to increase his sentence (in the form of a fine) after imposition of the original sentence.

In the second part of the brief regarding the denial of his motion in trial court cause numbers 9662, 9663, 9664, 9665, and 9666 (Appellate Cause Numbers 07-20-00333-CR, 07-20-00334-CR, 07-20-00335-CR, 07-20-00336-CR, and 07-20-00337-CR, respectively), he (1) contends that seizure of money deposited into his inmate account constitutes cruel and unusual punishment and violates the Religious Freedom Restoration Act[1] and (2) asserts that the cumulative effect of six *Bills of Cost*, five of which are related to convictions arising from a single trial court proceeding, are unconstitutional and constitute cruel and unusual punishment.

In trial court cause number 9392, we modify the November 3, 2020 *Bill of Cost* to delete the imposition of a fine and the recovery of $650 in court-appointed attorney's fees, and in all other respects, we affirm the *Order Denying Defendant's Motion to Modify*,

---

[1] The Religious Freedom Restoration Act is not relevant to resolution of Appellant's issues.  TEX. CIV. PRAC. & REM. CODE ANN. § 110.001-.012 (West 2019 & Supp. 2020).  When a case can be resolved on non-constitutional grounds, we need not address constitutional claims.  *See In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003) (recognizing that courts only decide constitutional questions when issues on non-constitutional grounds cannot be resolved).

*Correct, or Rescind Trial Court's Withdrawal Notifications Nunc Pro Tunc*. In trial court cause numbers 9662, 9663, 9664, 9665, and 9666, we affirm the *Order Denying Defendant's Motion to Modify, Correct, or Rescind Trial Court's Withdrawal Notifications Nunc Pro Tunc*.

### BACKGROUND—TRIAL COURT CAUSE NUMBER 9392, BURGLARY OF A HABITATION

In 2013, Appellant was indicted for burglary of a habitation. Pursuant to a plea agreement, he was granted deferred adjudication community supervision for five years. The *Order of Deferred Adjudication* reflects the imposition of a fine of $2,000. Pursuant to a later filed *Motion to Proceed With an Adjudication of Guilt*, on November 6, 2014, based on a plea of "true," the trial court entered a *Judgment Adjudicating Guilt* and sentenced Appellant to twenty years confinement. At the time, the trial court did not pronounce the assessment of a fine and the judgment entered reflects a fine of $0.[2] Appellant was, however, assessed a fee of $650 for the services of his court-appointed attorney. No appeal was taken from the *Judgment Adjudicating Guilt*. The same day that Appellant was adjudicated guilty, an *Order to Withdraw Funds* was generated showing that $992 would be withdrawn from his inmate account as allowed by statute.[3] The following day, a *Bill of Cost* was issued showing $348 in court costs and fees, a $6 credit

---

[2] When an accused is placed on deferred adjudication community supervision, a "sentence" is not imposed—rather, conditions of deferred adjudication are pronounced. *Davis v. State*, 968 S.W.2d 368, 371 (Tex. Crim. App. 1998). When a deferred adjudication community supervision order is revoked, the result is that the order deferring an adjudication of guilt is revoked (or set aside), judgment is entered (or adjudicated based on the original proceeding) and an entirely new sentence is imposed. *Edwards v. State*, No. 07-16-00265-CR, 2017 Tex. App. LEXIS 812, at *5 (Tex. App.—Amarillo Jan. 30, 2017, no pet.) (mem. op., not designated for publication) (citing *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.)). Unless expressly detailed otherwise by the trial court in its pronouncement of sentence, the defendant is entitled to credit for periods of incarceration served and for payment of any fines, fees, and costs.

[3] *See* TEX. GOV'T CODE ANN. § 501.014(e) (West Supp. 2020) (authorizing the trial court to generate a withdrawal notification directing prison officials to withdraw money from an inmate's account).

3

toward the "District Clerk" fees previously paid, a fine of "$0," and $650 for court-appointed attorney's fees, for a total balance due of $992. For reasons unknown, more than five years later, on January 25, 2019, the district clerk issued a new *Bill of Cost* reflecting an increase in the fine from $0 to $2,000 and a balance due of $2,892.23.

Appellant challenged the $2,000 fine by filing a motion to modify, correct, or rescind the trial court's withdrawal notification on January 27, 2020. When no ruling was made on his motion, Appellant sought mandamus relief in this court which was conditionally granted. *See In re Hart*, Nos. 07-20-00201-CV through 07-20-00206-CV, 2020 Tex. App. LEXIS 7880, at *9 (Tex. App.—Amarillo Sept. 29, 2020, orig. proceeding). In response to this court's opinion, on October 20, 2020, the trial court denied Appellant's motion without a hearing. That order created an appealable order. *See In re Corker*, Nos. 07-11-0454-CV, 07-11-0455-CV, 2011 Tex. App. LEXIS 9208, at *5, n.5 (Tex. App.—Amarillo Nov. 18, 2011, orig. proceeding) (noting that a trial court's disposition of an inmate's challenge to a withdrawal order creates an appealable order).

### COURT-APPOINTED ATTORNEY'S FEES

By his first issue in cause number 9392, Appellant contends the evidence is insufficient to support imposition of court-appointed attorney's fees. The State concurs with Appellant. Based on the following rationale, we agree with Appellant and the State on this issue.

If a trial court determines that a defendant has financial resources that enable him to repay, in whole or in part, the costs of legal services provided by a court-appointed attorney, the court has authority to order a convicted defendant to pay "as court costs the

4

amount that it finds the defendant is able to pay." *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2020). *See also Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010). A trial court errs if it orders reimbursement of court-appointed attorney's fees without record evidence demonstrating a defendant's financial resources to offset the costs of legal services. *Mayer*, 309 S.W.3d at 556.

Appellant's challenge to the attorney's fees is based on insufficiency of the evidence to support the assessment because the trial court did not find that he had the financial resources to pay as required by article 26.05(g). The State agrees with Appellant that the assessment of $650 for reimbursement of court-appointed attorney's fees should be deleted. Appellant's first issue complaining of court-appointed attorney's fees is sustained.

### FINES

By his second issue in trial court cause number 9392, Appellant questions the trial court's authority to increase his sentence (in the form of a fine) after imposition of the original sentence. The State agrees with Appellant, as does this court.

A fine is punitive and is intended to be part of a convicted defendant's sentence. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Thus, a fine must be contained in the trial court's pronouncement of sentence to be included in a judgment. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009). A properly assessed fine is collectible by means of an order to withdraw funds regardless of a defendant's ability to pay. *Williams v. State*, 332 S.W.3d 694, 699 (Tex. App.—Amarillo 2011, pet. denied).

5

Notwithstanding the trial court's denial of Appellant's motion, on November 3, 2020, the district clerk advised Appellant by letter as follows:

> The Texas 85th Legislature did a complete revamp of all criminal court costs last year. If you received a Bill of Cost from this office with the $2000.00 included, it was because of the court cost revamp. That change effected the way our case management system works. Every effort has been made to correct the problem.

That same date, the district clerk issued a third *Bill of Cost* deleting the $2,000 fine, but replacing it with a $35 fine.

An inference can be made that the $35 fine is the result of a credit of $35 in the second *Bill of Cost* issued on January 25, 2019. Where that *Bill of Cost* incorrectly assesses the $2,000 fine, it also reflects a credit of $35, leaving a balance of $1,965. This court deduces that the $35 fine was assessed to avoid issuing Appellant a refund. However, as Appellant argues, and the State agrees, the trial court had no authority to impose any fine after pronouncing the original sentence when Appellant was adjudicated guilty and no fine was assessed. His second issue challenging the imposition of a fine after his original sentence was pronounced is sustained.

As such, we order that the district clerk remove from the official *Bill of Cost* any reference to a fine being due and owing as well as any assessment for attorney's fees and issue an *Amended Order to Withdraw Funds* to reflect that no fine or attorney's fees are currently due and owing. We further order that a copy of the *Amended Order* be provided to this court, as well as Appellant and the Institutional Division of the Texas Department of Criminal Justice.

**BACKGROUND—TRIAL COURT CAUSE NUMBERS 9662, 9663, 9664, 9665, AND 9666, SEXUAL OFFENSES**

Appellant was charged with five sexual offenses committed in 2011, 2012, and 2013. On October 15, 2014, he was convicted on all counts and sentenced that same date. His convictions were affirmed by this court. *See Hart v. State*, 481 S.W.3d 679, 685 (Tex. App.—Amarillo 2015, no pet.). On January 25, 2019, the district clerk issued five separate *Bills of Cost* corresponding to Appellant's convictions for the sexual offenses. With those five *Bills of Cost* and the *Bill of Cost* related to the burglary conviction, Appellant was ordered to pay court costs and fees (exclusive of the fine and attorney's fees in the burglary conviction) as follows:

| | |
|---|---|
| Trial Court Cause Number 9392 | $348 |
| Trial Court Cause Number 9662 | $579 |
| Trial Court Cause Number 9663[4] | $679 |
| Trial Court Cause Number 9664 | $579 |
| Trial Court Cause Number 9665 | $579 |
| Trial Court Cause Number 9666 | $579 |

In total, Appellant was ordered to pay court costs and fees in the sum of $3,343.

By his first issue related to the five *Bills of Cost* issued in the five convictions for sexually related offenses, Appellant contends that withdrawal of funds from his inmate account to satisfy the balance owed is unconstitutional as applied to him and constitutes cruel and unusual punishment. We disagree.

**COURT COSTS AND FEES**

Texas prisoners have a property interest in their inmate accounts. *Harrell v. State*, 286 S.W.3 315, 319 (Tex. 2009); *Abdullah v. State*, 211 S.W.3d 938, 943 (Tex. App.—

---

[4] An additional $100 fee was included for "Child Abuse Prevention."

7

Texarkana 2007, no pet.). On conviction, the imposition of court costs is mandatory unless the only punishment is a fine. TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018). Court costs assessed against convicted defendants are compensatory in nature. *Armstrong*, 340 S.W.3d at 767. The Legislature intended them as a non-punitive "recoupment of the costs of judicial resources expended in connection with the trial of the case." *Weir*, 278 S.W.3d at 366. Where court costs are imposed as a matter of legislative directive, they do not need to be included in the oral pronouncement of sentence or in the written judgment to be imposed on a convicted defendant. *See id.* at 367.

A certified bill of cost imposes an obligation on a criminal defendant to pay court costs, irrespective of whether that bill is incorporated by reference into the written judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2018). A district clerk is authorized to "collect money payable under this title." *See id.* at art. 103.003(a) (West Supp. 2020). *See also* TEX. GOV'T CODE ANN. §§ 102.001-103.034 (West 2019 and Supp. 2020). Legislatively mandated court costs are properly collectible by means of a withdrawal order regardless of ability to pay. *Williams*, 332 S.W.3d at 700.

Appellant presents an "as applied" challenge to statutes authorizing collection of costs and fees as being unconstitutional based on his indigence. We review a challenge to the constitutionality of a statute *de novo*. *Vandyke v. State*, 538 S.W.3d 561, 570 (Tex. Crim. App. 2017). When confronted with an attack on the constitutionality of a statute, we presume the statute is valid and the burden to show differently rests with the party bringing the challenge. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002).

Appellant's indigent status is not a bar to the assessment and collection of costs. *See Bree v. State*, Nos. 11-16-00217-CR, 11-16-00218-CR, 2018 Tex. App. LEXIS 5492, at *12 (Tex. App.—Eastland July 19, 2018, no pet.) (mem. op., not designated for publication) (citing *Gonzalez v. State*, No. 08-16-00257-CR, 2018 Tex. App. LEXIS 1879, at *3-4 (Tex. App.—El Paso March 14, 2018, no pet.) (mem. op., not designated for publication)). *See also Allen v. State*, 426 S.W.3d 253, 258 (Tex. App.—Texarkana 2013, no pet.) (noting that indigency does not mean that court costs cannot be recovered). The court costs and fees assessed against Appellant in all six cases are mandated by the Legislature. His inability to pay them is irrelevant to their collection. Reviewing Appellant's first issue *de novo*, we conclude he has not met his burden to show that cost and fee collection statutes as applied to him are unconstitutional. As such, we reject his claim and overrule his first issue.

By his second issue related to the five *Bills of Cost* issued in the sexually related convictions which arose from "a single trial court proceeding," Appellant maintains the cumulative effect of those costs and fees constitutes cruel and unusual punishment. Sympathetic to Appellant's conundrum, we nevertheless disagree with his argument for the following reasons.

Article 102.073(a) of the Texas Code of Criminal Procedure provides that "[i]n a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2018). The statute applies to costs and fees imposed on or after the effective date of September

9

1, 2015, regardless of whether the offense for which the cost or fee was imposed was committed before, on, or after that date.[5]

Appellant's convictions arose from offenses alleged to have been committed between 2011 and 2013. Relying on article 102.073(a), he contends he was wrongfully assessed multiple costs and fees arising from a single criminal prosecution. He was convicted and sentenced on October 15, 2014, before the effective date of article 102.073(a). While many of the recurring fees Appellant complains of would not have been properly assessable after September 1, 2015, because the fees were imposed before that date, article 102.073(a) does not apply.[6] Appellant's second issue complaining of the cumulative effect of the costs and fees assessed is overruled.

### CONCLUSION

In trial court cause number 9392, the most recent *Bill of Cost* dated November 3, 2020, is modified to delete any fine and to also delete the $650 assessment for attorney's fees. Otherwise, the trial court's *Order Denying Defendant's Motion to Modify*, *Correct*, *or Rescind Trial Court's Withdrawal Notifications Nunc Pro Tunc* is affirmed. Furthermore, the district clerk is ordered to prepare and file an amended *Bill of Cost* reflecting a $0 fine and $0 for attorney's fees. The district clerk is also directed to provide the same to this court, as well as Appellant and the Institutional Division of the Texas Department of Criminal Justice. This order of reformation extends to any order to withdraw funds from Appellant's inmate account.

---

[5] *See* Act of May 30, 2015, 84th Leg., R.S., ch. 1160, §§ 2, 3, 2015 Tex. Gen. Laws 3925.

[6] We express no opinion on whether Appellant was assessed costs and fees based on a "single criminal action."

In trial court cause numbers 9662, 9663, 9664, 9665, and 9666, the trial court's *Order Denying Defendant's Motion to Modify, Correct, or Rescind Trial Court's Withdrawal Notifications Nunc Pro Tunc* is affirmed.

Patrick A. Pirtle
Justice

Do not publish.