Niki Lynne **KONCHAR**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 12–96–00112–CR.

Court of Appeals of Texas, Tyler.

Dec. 30, 1996.

---

John Heath, Nacogdoches, for appellant.

Tim James, Nacogdoches, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

Appellant Niki Lynne Konchar appeals her conviction for the aggravated assault of Frank Beecher Shawger, IV ("Shawger"). A jury found Appellant guilty of the offense and assessed her punishment at five years' imprisonment in the Texas Department of Criminal Justice-Institutional Division. The sentence was probated. In five points of error, Appellant alleges that the court erred in not requiring the indictment to be read prior to trial, in refusing to grant Defendant's request for mistrial based upon double jeopardy, in allowing the district attorney to *voir dire* the jury on attempted murder, and by commenting on the evidence. We will reverse.

Appellant was originally indicted for the felony offense of attempted murder under Cause No. 6131-95-1 in the District Court of Nacogdoches County. Appellant pleaded "not guilty" to the offense. On September 21, 1995, the jury convicted Appellant of the lesser included offense of aggravated assault and recommended a four-year probated sentence. On October 13, 1995, Appellant filed a motion for new trial alleging procedural error. The State joined in Appellant's motion. On January 18, 1996, the case was again brought for trial on the original indictment and under the same cause number. Both the State and the defense conducted *voir dire* based on the attempted murder charge. The jury was selected and sworn, and the trial was scheduled to start on January 23, 1996. Between jury selection and the date of trial, the State filed with the court and sent Appellant's counsel a letter stating:

> Given that this case was submitted originally as an Attempted Murder and the defendant was convicted of the lesser-included offense of Aggravated Assault, the State of Texas has elected to proceed to trial in this case only under the offense of Aggravated Assault.
>
> The State abandons the charge of Attempted Murder and will not use that as a theory and will not seek to charge the jury on that offense.
>
> This information is made known to you since the new trial was agreed to in proceedings under this cause number.

Before testimony began during the second trial, Appellant objected to the indictment on double jeopardy grounds and moved for a mistrial and acquittal. The trial court overruled Appellant's motions and reminded Appellant that the State had abandoned the attempted murder charge and intended to go to trial on the lesser included offense of aggravated assault only. The second jury again convicted Appellant for aggravated assault on the same indictment.

In her second and third points of error, Appellant contends that the trial court erred in overruling her double jeopardy objections

to the indictment. Specifically, Appellant claims that she was tried more than once on the same indictment in violation of the Double Jeopardy Clause. We agree.

The Fifth Amendment Double Jeopardy Clause protects a defendant from more than one prosecution for the same offense after acquittal. U.S.CONST. amend. V. A defendant cannot be tried again for an offense after having been either explicitly or impliedly acquitted of that offense. *Parker v. State*, 626 S.W.2d 738, 740 (Tex.Cr.App. 1981). "If a defendant, prosecuted for an offense which includes within it lesser offenses, be convicted of an offense lower than that for which he is indicted, and a new trial be granted him, ... the verdict upon the first trial shall be considered an acquittal of the higher offense...." TEX.CODE CRIM. PROC.ANN. § 37.14 (Vernon 1981). In a subsequent retrial, the defendant may be convicted of the same offense for which he was earlier convicted. *Id.* However, the retrial must be upon a new indictment charging him for the lesser included offense of which he was earlier convicted. *Pope v. State*, 509 S.W.2d 593, 596 (Tex.Cr.App.1974); *Stell v. State*, 662 S.W.2d 96, 101 (Tex.App.—Houston [1st. Dist.] 1983, pet. dism'd).

The State's decision to try Appellant twice on the same indictment violated Appellant's right against double jeopardy. Appellant's conviction of aggravated assault in the first trial was an implied acquittal for the greater offense of attempted murder. After her initial implied acquittal for attempted murder, Appellant should not have been tried again on an indictment charging her with any offense greater than aggravated assault. The trial court erred in overruling Appellant's objections to the indictment on double jeopardy grounds.

The State contends that Appellant did not timely object to the indictment, and therefore waived her double jeopardy objection. We disagree.

Most rights of parties in litigation must be preserved by timely calling the complaint to the attention of the trial court. TEX.R.APP.P. 52(a); TEX.R.CRIM.EVID. 103; *Marin v. State*, 851 S.W.2d 275, 278 (Tex.Cr.App.1993). Further, the criminal procedural rules provide that:

(b) If the defendant does not object to a defect, error, or irregularity of form or substance of an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1996). However, some rights "are widely considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection in the system." *Marin*, 851 S.W.2d at 278. Those rights can be waived, but only by intentional, overt expression. *Ieppert v. State*, 908 S.W.2d 217, 219 (Tex.Cr.App.1995). "Because of the fundamental nature of the double jeopardy clauses of the respective constitutions, jeopardy can be raised for the first time on appeal." *Disheroon v. State*, 687 S.W.2d 332, 336 (Tex.Cr.App.1986) (Teague, J., concurring).

Appellant's failure to urge her double jeopardy objection prior to trial in her second prosecution on the same indictment did not waive such objection. We conclude that because of the fundamental nature of a double jeopardy claim, Appellant was not required to raise the issue prior to trial. We therefore sustain Appellant's second point of error.[1]

Our disposition of Appellant's second point of error renders discussion of her remaining points of error unnecessary.

The judgment of the trial court is **reversed** and the indictment is **dismissed**.

---

**1.** Nothing in our opinion prevents the State from retrying Appellant for the offense of aggravated assault. However, in the event of another trial, the State must not try Appellant on an indictment charging her with any offense greater than aggravated assault.