**Opinion issued November 1, 2012**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00205-CR

_____

**ERIC DANIEL FARIAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1304913**

---

## O P I N I O N

Appellant, Eric Daniel Farias, was charged by indictment with possession of

a controlled substance greater than 400 grams with intent to deliver.[1]  Following a

---

[1]  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.112(a), (f) (Vernon 2010).

hearing, the trial court denied appellant's two motions to suppress and a motion to disclose the identity of the confidential informant. After the State agreed to reduce the charge in the indictment to possession of a controlled substance greater than 400 grams,[2] appellant pleaded guilty with an agreed recommendation of 10 years' confinement without an assessment of a fine. The trial court assessed punishment at 10 years' confinement also without assessment of a fine. In four issues on appeal, appellant argues the trial court abused its discretion by denying his motions because (1) the police's interactions with appellant became an illegal seizure; (2) appellant never gave valid consent to search the vehicle where drugs were located; (3) there were insufficient affirmative links between appellant and the contraband; and (4) appellant met his prima facie burden of showing the identity of the confidential informant should have been revealed.

We reverse and remand for a new trial.

## Background

Appellant was charged by indictment with possession of a controlled substance greater than 400 grams with intent to deliver. Appellant filed two motions to suppress and a motion to disclose the identity of the confidential informant. The trial court held a hearing on the motions. At the end of the hearing, the trial court denied the motions.

---

[2] *See id.* §§ 481.102(6), 481.115(a), (f) (Vernon 2010).

That day, appellant entered into a plea agreement with the State. The State agreed to reduce the charge in the indictment to possession of a controlled substance greater than 400 grams. Appellant agreed to plead guilty to that lesser charge. Under the plea agreement, the parties agreed to a punishment of 10 years' confinement. No mention was made of a fine.

The trial court rendered the agreed judgment, assessing a punishment of 10 years' confinement but without assessing a fine.[3] Appellant then appealed, challenging the trial court's denial of his motions.

## Void Judgment

In its brief on the merits, the State mentions that "the sentence appears to be below the statutory minimum because it does not include a fine." The sentencing range for the offense of possession of a controlled substance, such as methamphetamines, weighing at least 400 grams, including adulterants or dilutants, is confinement for life or for a term of 15 to 99 years, *and* a fine not to exceed $100,000. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(f). The State suggests that the significance of this is that appellant cannot complain about the sentence because he has enjoyed the benefits of the lesser sentence, relying on *Rhodes v. State*, 240 S.W.3d 882 (Tex. Crim. App. 2007). The State's authority, however, does not apply to this appeal.

---

[3] Specifically, the judgment identifies the fine as "N/A."

*Rhodes* concerned whether the defendant could collaterally attack a prior, unappealed judgment as void for being more lenient than allowed by law. *Id.* at 884. The court held that, under principles of equity, "[a] defendant who has enjoyed the benefits of an agreed judgment prescribing a too-lenient punishment should not be permitted to collaterally attack that judgment on a later date on the basis of the illegal leniency." *Id.* at 892.

This case is not a collateral attack, however. It is a direct appeal. On direct appeal, a sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). As a result, a sentence outside the statutory punishment range for an offense is void and must be reversed. *See Hern v. State*, 892 S.W.2d 894, 896 (Tex. Crim. App. 1994). This is true even if, as here, no party has raised it as an error on appeal. *See Barton v. State*, 962 S.W.2d 132, 139 (Tex. App.—Beaumont 1997, pet ref'd) (raising sua sponte issue of judgment assessing punishment below punishment range); *Scott v. State*, 988 S.W.2d 947, 948 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (holding void sentence cannot be waived).

If a sentence is void because it is below the minimum sentencing range, an appellate court has no authority to reform the judgment. *See Scott*, 988 S.W.2d at 948; *cf.* TEX. CODE CRIM. PROC. ANN. art. 37.10 (Vernon 2006) (permitting trial or

4

appellate court to omit punishment when jury assesses punishment that is both authorized by law and not authorized by law for the offense). Instead, appellate courts typically reverse and remand for a new punishment hearing when the assessed punishment falls below the minimum required. *Scott*, 988 S.W.2d at 948; *see also* TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon 2006).

Here, however, appellant entered into a plea agreement based on the agreed punishment. To reverse only for punishment would have the effect of "bind[ing] only one party to the agreement. This is neither logical nor fair." *Shannon v. State*, 708 S.W.2d 850, 852 (Tex. Crim. App. 1986); *see also Barton*, 962 S.W.2d at 139 (citing *Shannon*). When the conviction based on a negotiated plea is reversed on appeal, "the appropriate remedy is specific performance of the plea, if possible, or, if not, withdrawal of the plea, with both parties, *including the State,* returned to their original positions." *Shannon*, 708 S.W.2d at 852 (emphasis in original). Because specific performance is not possible, we must reverse the judgment of the trial court and remand with orders that the trial court withdraw appellant's plea and that appellant replead to the indictment.

Appellant's issues on appeal would not provide him with greater relief than our current disposition of this appeal. Harmful error from the denial of a motion to suppress requires reversing and remanding for a new trial. *Tijerina v. State*, 334 S.W.3d 825, 835 (Tex. App.—Amarillo 2011, pet. ref'd). Similarly, assuming

without deciding that appellant was entitled to have the confidential informant disclosed, the State would have the option to disclose the informant or, upon motion of the defendant or the court, "dismiss the charges as to which the testimony would relate." TEX. R. EVID. 508(c)(2). Because the State has not been required to make an election, much less chosen to refuse to disclose the identity of the informant, we have no authority to dismiss any charges against appellant. Accordingly, because review of appellant's issues would not result in greater relief than the current disposition of the appeal, we do not need to reach them. *See* TEX. R. APP. P. 47.1 (requiring appellate courts to address every issue raised and *necessary* to final disposition of the appeal).

## Conclusion

We reverse the judgment of the trial court and remand with orders that the trial court withdraw appellant's plea and that appellant replead to the indictment.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Publish.   TEX. R. APP. P. 47.2(b).