**Affirmed, in part; Affirmed as modified, in part; and Reversed and remanded, in part and Opinion Filed February 14, 2013**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-01320-CR

No. 05-11-01321-CR

No. 05-11-01322-CR

No. 05-11-01323-CR

No. 05-11-01324-CR

**MARKOS ABATE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

On Appeal from the 203rd Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F10-34975-P, F10-35830-P, F10-35831-P,
F01-37219-P, & F01-37220-P

## MEMORANDUM OPINION
Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Fillmore

The trial court convicted Markos Abate of five drug-related offenses and assessed punishment of fifteen years' imprisonment on four of the offenses and ten years' imprisonment on the fifth offense  In his first three issues, Abate requests we reform the judgment in two of the cases.  In his final two issues, Abate asserts the ten-year sentence is void because it is outside the range of punishment for a state jail felony and, in the alternative, requests that we abate the appeal and allow the trial court to resolve certain conflicts in the clerk's record.

We affirm the trial court's judgments in cause numbers F10-35830-P (05-11-01321-CR) and F10-35831-P (05-11-01322-CR). We modify the trial court's judgment (1) in cause number F10-34975-P to reflect Abate was convicted of a second degree felony; (2) in cause number F01-37219-P to reflect Abate was convicted of possessing, with intent to deliver, a controlled substance in an amount of four grams or more but less than 200 grams and to reflect the offense occurred on March 2, 2001; and (3) in cause number F01-37220-P to reflect Abate was convicted of a state jail felony. As modified, we affirm the trial court's judgments in cause numbers F10-34975-P (05-11-01320-CR) and F01-37219-P (05-11-01323-CR). Because the punishment assessed by the trial court in cause number F01-37220-P is outside the punishment range for a state jail felony, we reverse that portion of the judgment assessing punishment and remand cause number F01-37220-P (05-11-01324-CR) for a new trial on punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (West Supp. 2012).

The background of these cases is well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion because the law to be applied is well settled. *See* TEX. R. APP. P. 47.2(a), 47.4.

### Background

In 2001, Abate was indicted for possession of methamphetamine in the amount of one gram or more but less than four grams (F01-37220-P) and for possessing, with intent to deliver, four grams or more but less than 200 grams of cocaine (F01-37219-P).[1] The trial court granted the State's motion to reduce the charge in cause number F01-37220-P to the lesser included offense of possession of methamphetamine under one gram. Abate then pleaded guilty to both charges. The trial court deferred the adjudication of Abate's guilt and placed Abate on

---

[1] The clerk's record originally filed in cause number F01-37220-P appears to contain a number of documents from cause number F01-37719-P with a "20" handwritten over the "19." We requested the clerk file a supplemental record containing the actual documents relating to cause number F01-37220-P. This opinion is based on the supplemental clerk's record.

2

community supervision for two years on the methamphetamine charge and four years on the cocaine charge. The period of community supervision in both cases was ultimately extended, through several orders by the trial court, until February 12, 2013.

In September 2010, Abate was charged in cause number F10-34975-P with possessing, with intent to deliver, four grams or more but less than 200 grams of methamphetamine. The trial court granted the State's motion to reduce the charge to the lesser included offense of possessing, with intent to deliver, one or more grams but less than four grams of methamphetamine. Abate pleaded guilty to the charge. The trial court deferred an adjudication of guilt and placed Abate on community supervision for a period of seven years.

In February 2011, Abate was charged with possessing, with intent to deliver, one gram or more but less than four grams of methamphetamine (F10-35830-P) and possessing, with intent to deliver, four grams or more but less than two hundred grams of gamma hydroxybutyrate (F10-35831-P). The State also filed motions to proceed to an adjudication of guilt in cause numbers F01-37219-P, F01-37220-P, and F10-34975-P.

Abate pleaded guilty to the two new charges and pleaded true to the allegations he violated the provisions of community supervision in the other three cases. The trial court found Abate guilty in cause numbers F10-35830-P and F10-35831-P and assessed punishment of fifteen years' imprisonment in each case. The trial court adjudicated Abate guilty in the remaining three cases and assessed punishment of fifteen years' imprisonment in cause numbers F10-34975-P and F01-37219-P and ten years' imprisonment in cause number F01-37220-P.

## Modification of Judgment

In his first three issues, Abate asserts the trial court's judgment in cause number F10-34975-P should be modified to reflect a conviction for a second degree felony and the trial court's judgment in cause number F01-37219-P should be modified to reflect the correct offense

3

and the correct offense date. This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1993, pet. ref'd).

In cause number F10-34975-P, Abate was indicted for possessing, with intent to deliver, four grams or more but less than 200 grams of methamphetamine, a first degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.112(a),(d) (West 2010). The trial court granted the State's motion to reduce the charge to the lesser included offense of possessing, with intent to deliver, one gram or more but less than four grams of methamphetamine, a second degree felony. *See id.* §§ 481.102(6), 481.112(a),(c). The trial court admonished Abate that he was charged with a second degree felony, and the order of deferred adjudication indicates the degree of offense is a second degree felony. However, the judgment adjudicating guilt reflects the degree of offense is a first degree felony. We resolve Abate's first issue in his favor and modify the trial court's judgment in cause number F10-34975-P (05-11-01320-CR) to reflect Abate was convicted of a second degree felony.

In cause number F01-37219-P, Abate was indicted for possessing, with intent to deliver, four grams or more but less than 200 grams of cocaine. The alleged offense date was March 2, 2001. Abate's plea documents and judicial confession reflect that he pleaded guilty to possession of cocaine with intent to deliver and that the offense occurred on March 2, 2001. The judgment adjudicating guilt, however, reflects an offense of "Manufactoring [sic] controlled subst., 4G" and an offense date of March 2, 2011. We resolve Abate's second and third issues in his favor and modify the trial court's judgment in cause number F01-37219-P (05-11-01323-CR) to reflect Abate was convicted of possessing, with intent to deliver, four grams or more but less than 200 grams of a controlled substance and the offense date was March 2, 2001.

4

## Illegal Sentence

In his fourth issue, Abate contends his sentence in cause number F01-37220-P is void because it exceeds the punishment range for a state jail felony and, therefore, he is entitled to a new punishment hearing. In his fifth issue, Abate argues, alternatively, that this Court should abate the case to allow the trial court to resolve conflicts in the clerk's record. Because the supplemental clerk's record has resolved any inconsistencies in the original record filed in this appeal, we resolve Abate's fifth issue against him.

Abate was indicted for possession of one gram or more but less than four grams of methamphetamine, a third degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(a),(c) (West 2010). The trial court granted the State's motion to reduce the charged offense to possession of methamphetamine under one gram, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(a),(b). The deferred adjudication order states the degree of the offense is "State Jail." Further, during the revocation hearing, the trial court informed Abate that cause number F01-37220-P "is a state jail felony." The trial court's judgment, however, states the degree of offense is a third degree felony. Accordingly, on our own motion, we modify the trial court's judgment adjudicating guilt to reflect that Abate was convicted of a state jail felony. *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d 27–28; *Asberry*, 813 S.W.2d at 529–30.

The punishment range for a state jail felony is confinement in a state jail for any term not more than two years or less than 180 days and, in addition, an optional fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.35(a),(b) (West Supp. 2012). The trial court sentenced Abate to ten years' imprisonment—a sentence outside the maximum range of punishment for a state jail felony.

A defendant has an "absolute and nonwaiveable right to be sentenced within the proper range of punishment." *Speth v. State*, 6 S.W.3d 530, 532–33 (Tex. Crim. App. 1999). A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and is, therefore, illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). As a result, a sentence outside the statutory punishment range for an offense is void and must be reversed. *See Hern v. State*, 892 S.W.2d 894, 896 (Tex. Crim. App. 1994); *Farias v. State*, No. 01-12-00205-CR, 2012 WL 5360981, at *2 (Tex. App.—Houston [1st Dist.] Nov. 1, 2012, pet. filed).

We resolve Abate's fourth issue in his favor. We modify the trial court's judgment to reflect the correct degree of the offense. We reverse that portion of the judgment assessing punishment and remand cause number F01-37220-P (05-11-01324-CR) for a new trial on punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b).

/s/ _____
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111320F.U05

6



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

MARKOS ABATE, Appellant

No. 05-11-01320-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-34975-P.
Opinion delivered by Justice Fillmore.
Justices FitzGerald and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section of the judgment titled "Degree" shall state "Second Degree Felony."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 14th day of February, 2013.

ROBERT M. FILLMORE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARKOS ABATE, Appellant

No. 05-11-01321-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-35830-P.
Opinion delivered by Justice Fillmore.
Justices FitzGerald and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of February, 2013.

_____
ROBERT M. FILLMORE
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

MARKOS ABATE, Appellant

No. 05-11-01322-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-35831-P.
Opinion delivered by Justice Fillmore.
Justices FitzGerald and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 14th day of February, 2014.


ROBERT M. FILLMORE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARKOS ABATE, Appellant

No. 05-11-01323-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F01-37219-P.
Opinion delivered by Justice Fillmore.
Justices FitzGerald and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section of the judgment titled "Offense for which Defendant convicted" shall state "Possession, with intent to deliver, a controlled substance in an amount of four grams or more but less than 200 grams."

The section of the judgment titled "Date of Offense" shall state "3/2/2001."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 14th day of February, 2013.

ROBERT M. FILLMORE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARKOS ABATE, Appellant

No. 05-11-01324-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F01-37220-P.
Opinion delivered by Justice Fillmore.
Justices FitzGerald and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section of the judgment titled "Degree" shall state "State Jail Felony."

The judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings pursuant to Tex. Code Crim. Proc. Ann. Art. 44.29(b).

Judgment entered this 14th day of February, 2013.

ROBERT M. FILLMORE
JUSTICE