**Reversed and Remanded and Memorandum Opinion filed April 1, 2021.**



**In The**

## Fourteenth Court of Appeals

**NO. 14-20-00047-CR**

**ALEXANDER STERLING CHINN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 344th District Court**
**Chambers County, Texas**
**Trial Court Cause No. 17DCR0360**

### MEMORANDUM OPINION

Appellant Alexander Sterling Chinn appeals the sentence assessed as a result of his conviction for possession of more than 400 grams of a controlled substance. *See* Tex. Health & Safety Code § 481.115. In a single issue on appeal appellant asserts the trial court assessed an illegal sentence. As we explain more fully below appellant's sentence is void because the trial court assessed a punishment that is outside the statutory range. We therefore reverse the trial court's judgment and remand for a new hearing on punishment only.

## BACKGROUND

Appellant does not challenge the factual or legal sufficiency of the evidence. Therefore, we recite only those facts necessary for our analysis.

Appellant was indicted for possession of more than 400 grams of cocaine.[1] Appellant was charged with a first-degree felony of unlawful possession of a controlled substance, namely cocaine, in an amount of 400 grams or more. Tex. Health & Safety Code § 481.115. Appellant entered an open plea of guilty and requested a presentence investigation report ("PSI"). The trial court deferred a finding of guilt until after submission of the PSI. Appellant was admonished that there was a wide range of punishment, beginning with a minimum of ten years. The offense to which appellant pleaded guilty was punishable by imprisonment in the Texas Department of Criminal Justice "for a term of not more than 99 years or less than 10 years, and a fine not to exceed $100,000[.]" Tex. Health & Safety Code § 481.115(f).

Following submission of the PSI to the trial court, the court held a sentencing hearing. The trial court assessed appellant's punishment at twenty years' imprisonment. The trial court did not impose a fine at the hearing or in the judgment. Appellant timely filed this appeal. In a single issue, appellant asserts the trial court assessed a sentence not authorized by statute, and that the sentence is void because the trial court failed to assess a fine.

---

[1] The Written Plea Admonishments in our record reflect admonishment on a punishment range for a first-degree felony "enhanced." Neither the True Bill of Indictment, or the judgment reflect enhancement paragraphs. We note, however, that despite addition of the term, "enhanced," the written admonishments accurately reflected the range of punishment for the charged offense. *See* Tex. Health & Safety Code § 481.115(f).

ANALYSIS

A fine was mandatory, even if just a nominal amount, and the trial court was required to orally pronounce the fine at the sentencing hearing. *Blue v. State*, 591 S.W.3d 255, 259 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (holding a fine was mandatory for an offense under section 481.112(e) of the Texas Health and Safety Code, which contains identical mandatory language as that found in section 481.115(f)). Because the trial court failed to impose a fine, the sentence is illegal for being outside the statutory range of punishment. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal.").

An unauthorized punishment is void. *See Ex parte Johnson*, 697 S.W.2d 605, 606–07 (Tex. Crim. App. 1985). The remedy for a void sentence is to reverse and remand for a new punishment hearing. *Blue*, 591 S.W.3d at 260. We hold that the trial court's assessment of a term of years without also assessing a fine was illegal and therefore void. *Id.* While appellant did not object to this sentence at the trial court, this court has inherent power to set aside a void judgment. *See Mizell*, 119 S.W.3d at 807 n.17.

The State argues appellant's illegal sentence is subject to a harm analysis. The State asks this court to reform appellant's sentence and assess a nominal fine. The State cited no authority, nor have we found any, that requires us to conduct a harm analysis or modify the sentence when we have determined a sentence was illegal. Quite the contrary, "[w]hen faced with a void sentence, we are without authority to reform it." *Lombardo v. State*, 524 S.W.3d 808, 817 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *Farias v. State*, 426 S.W.3d 198, 200 (Tex. App.— Houston [1st Dist.] 2012, pet. ref'd) ("If a sentence is void because it is below the minimum sentencing range, an appellate court has no authority to reform the

judgment.")). The remedy in such cases is that the defendant is entitled to a new punishment hearing. *See Lombardo v. State*, 524 S.W.3d 808, 817 (Tex. App.—Houston [14th Dist.] 2017, no pet.). We sustain appellant's sole issue on appeal.

## CONCLUSION

The trial court's judgment is reversed and the case is remanded for a new punishment hearing.

/s/    Jerry Zimmerer
Justice

Panel consists of Justices Wise, Zimmerer, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).