# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO.  03-19-00027-CR

**Blair Beck McCall, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
### NO. CR-15-0868, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

## O P I N I O N

We reinstate this appeal from abatement; grant appellant's motion for rehearing; withdraw our opinion and judgment issued January 8, 2021; and substitute the following opinion in place of the earlier one.

The State indicted Blair Beck McCall for the felony offense of assault by causing bodily injury to the complainant, a member of McCall's household or with whom he had a dating relationship, "by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood . . . by applying pressure to the throat or neck and blocking the nose or mouth of" the complainant.  *See* Tex. Penal Code § 22.01(a)(1), (b)(2)(B).  This offense is called "occlusion assault."  *See Ortiz v. State*, 623 S.W.3d 804, 805 (Tex. Crim. App. 2021).  The trial court's charge submitted occlusion assault to a jury and, on the State's request and over McCall's

objection, a misdemeanor offense that the charge termed "the lesser included offense of Assault – Bodily Injury Family Violence." The jury acquitted McCall of occlusion assault but found him guilty of the misdemeanor offense. The trial court then assessed punishment at one year in the county jail, probated for 18 months, with a $2,500 fine and entered a conforming judgment, noting an "affirmative finding of family violence." *See* Tex. Fam. Code § 71.004; Tex. Code Crim. Proc. art. 42.013.

In four issues, McCall contends that (1) the trial court erred by submitting the misdemeanor offense because it is not a lesser included offense of occlusion assault, (2) the evidence was insufficient to support the guilty verdict on the misdemeanor offense, (3) there was a material variance between the indictment and the proof at trial on bodily injury, and (4) the jury charge contained an improper comment on the weight of the evidence. We sustain McCall's first issue, reverse the judgment of conviction, and render a judgment of acquittal for occlusion assault.

**BACKGROUND**

The State indicted McCall for one count—occlusion assault. *See* Tex. Penal Code § 22.01(a)(1), (b)(2)(B). The indictment tracked the statutory language, alleging:

> On or about the 5th day of July 2015, in Hays County, Texas, the Defendant, Blair McCall, did then and there intentionally, knowingly, or recklessly cause bodily injury to Vivian Sanchez, a member of the defendant's family or member of the defendant's household or person with whom the defendant has or has had a dating relationship, by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of Vivian Sanchez by applying pressure to the throat or neck and blocking the nose or mouth of Vivian Sanchez.

At trial, the State, after it rested and closed, asked the court to submit the Class A misdemeanor offense of "lesser-included assault, bodily injury, family violence" to the jury because the State believed that the evidence caused "strangulation [to] come into question." At the charge

2

conference, McCall objected to submitting the misdemeanor offense: "I am going to object to the lesser-included, but I think the evidence has been raised. . . . So I suspect that'll be the Court's ruling." The court overruled the objection and submitted both occlusion assault and the State-requested misdemeanor assault. The jury acquitted on occlusion assault but convicted on the misdemeanor. The court entered judgment on the guilty verdict, and McCall appealed.

After we issued our now-withdrawn January 8, 2021 opinion in this appeal, McCall moved for rehearing, and while his motion was pending, the Court of Criminal Appeals issued its decision in *Ortiz*. In response to *Ortiz*, we asked the parties for supplemental briefing about what effect, if any, *Ortiz*'s analysis had on our disposition of the motion for rehearing and of this appeal. The parties have now filed their supplemental briefs and participated in an oral argument.

## STANDARD OF REVIEW AND APPLICABLE LAW

To review a claim of charge error, we first determine whether the claimed error exists in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Harmel v. State*, 597 S.W.3d 943, 956 (Tex. App.—Austin 2020, no pet.). "[A]ll alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012); *accord Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003). If there is error, we evaluate the harm caused by the error. *Ngo*, 175 S.W.3d at 743; *Harmel*, 597 S.W.3d at 956. The amount of harm needed for a reversal depends on whether the defendant preserved a complaint about the error. *Swearingen v. State*, 270 S.W.3d 804, 808 (Tex. App.—Austin 2008, pet. ref'd). If not preserved, we may reverse only if the error caused "egregious harm." *Neal v. State*, 256 S.W.3d 264, 278 (Tex. Crim. App. 2008). But if preserved, we reverse when we find merely "some harm" to the defendant's rights. *Ngo*, 175 S.W.3d at 743.

3

Additionally, determining whether submission of a lesser included offense was error usually requires a two-step inquiry. *See Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). The first step, a question of law, is determining whether an offense is a lesser included offense of the charged offense. *Id.* This step "does not depend on the evidence to be produced at the trial" but "must be[] capable of being performed before trial by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense." *Id.* at 535–36; *accord State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013). We compare the greater offense's statutory elements as modified by any descriptive averments in the indictment with only the statutory elements of the lesser offense. *See Meru*, 414 S.W.3d at 162–63; *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g) (per curiam).[1]

Governing standards forbid us from considering any evidence in step one. *See Ex parte Watson*, 306 S.W.3d at 263 (citing and applying *Hall*, 225 S.W.3d at 526, 531, 535–36). We look only to statutory elements and the indictment, nothing else: "'we do not consider the evidence that [would have been] presented at trial' in the first step . . . "; "[i]nstead, we consider only the statutory elements of [the offense] as [those elements] were modified by the particular allegations in the indictment." *Id.* at 263 (second and third alterations added, first and fourth alterations in original) (quoting *Hall*, 225 S.W.3d at 536); *accord id.* at 272–73 (op. on reh'g).

Based on our review of statutory elements and the indictment, an offense is a lesser included offense of the charged offense when it is within the proof necessary to establish the charged offense. *See* Tex. Code Crim. Proc. art. 37.09(1); *Bullock v. State*, 509 S.W.3d 921, 924

---

[1] We cite the *Ex parte Watson* opinion on original submission unless otherwise noted.

(Tex. Crim. App. 2016).  An offense is within the proof necessary to establish the charged offense if the indictment either (1) alleges all the elements of the lesser included offense or (2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for providing notice) from which all the elements of the lesser included offense may be deduced.  *Meru*, 414 S.W.3d at 162.  If a descriptive averment in the indictment is identical to an element of the lesser offense or if an element of the lesser offense may be deduced from a descriptive averment in the indictment, then the respective element of the lesser offense is within the allegations of the greater offense.  *Ex parte Watson*, 306 S.W.3d at 273 (op. on reh'g).

The second step of the inquiry is analyzing whether the evidence raised the lesser included offense.  *See Hall*, 225 S.W.3d at 536.  But when the State requests submission of a lesser included offense, as in this case, the State is entitled to the submission based only on the first step.  *See Grey v. State*, 298 S.W.3d 644, 645 (Tex. Crim. App. 2009); *Sifuentes v. State*, 494 S.W.3d 806, 818–19 (Tex. App—Houston [14th Dist.] 2016, no pet.); *Satchell v. State*, 321 S.W.3d 127, 136 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

## OCCLUSION ASSAULT AND SIMPLE BODILY-INJURY ASSAULT

The indictment here charged McCall with

> intentionally, knowingly, or recklessly caus[ing] bodily injury to Vivian Sanchez, a member of the defendant's family or member of the defendant's household or person with whom the defendant has or has had a dating relationship, by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of Vivian Sanchez by applying pressure to the throat or neck and blocking the nose or mouth of Vivian Sanchez.

The elements of occlusion assault as charged by the indictment are therefore

5

(1) that the defendant intentionally, knowingly, or recklessly

(2) caused bodily injury to the complainant

(3) by impeding her normal breathing or circulation of blood by applying pressure to her throat or neck and blocking her nose or mouth and

(4) that the complainant either was a member of defendant's family, was a member of his household, or was or had been in a dating relationship with him.

*See* Tex. Penal Code § 22.01(a)(1), (b)(2)(B); *Philmon v. State*, 609 S.W.3d 532, 536 (Tex. Crim. App. 2020) (listing similar elements as modified by that case's indictment). Aside from naming the complainant, this indictment tracked the applicable statutory language and contained no relevant averments or anything else to modify the statutory elements necessary to prove occlusion assault. *See Ex parte Watson*, 306 S.W.3d at 263 (requiring, in step one of lesser-included analysis, comparison of purported greater offense's statutory elements and relevant modifications from indictment with statutory elements of purported lesser included offense (citing and applying *Hall*, 225 S.W.3d at 526, 531, 535–36)).

To continue under the first step of lesser-included-offense analysis, we identify the statute that defines the Class A misdemeanor offense for which McCall was convicted. *See Meru*, 414 S.W.3d at 162–63; *Ex parte Watson*, 306 S.W.3d at 273 (op. on reh'g). That statute is Penal Code section 22.01(a)(1)—simple bodily-injury assault—whose elements are that (1) the defendant intentionally, knowingly, or recklessly (2) caused bodily injury to the complainant.

The Court of Criminal Appeals recently addressed whether simple bodily-injury assault can be a lesser included offense of occlusion assault. In *Ortiz*, the Court resolved appeals from two cases in which the defendant requested submission of simple bodily-injury assault as a lesser included offense of a charged occlusion assault. 623 S.W.3d at 805. The Court undertook the two-step lesser-included-offense analysis called for by *Hall*, *Ex parte Watson*, and *Meru*,

6

(1) comparing the statutory elements of occlusion assault to those of simple bodily-injury assault and (2) deciding that the relevant evidence in each of the two cases did not raise simple bodily-injury assault. *Id.* at 806–09. In its comparison of statutory elements, the Court considered the statute's use of "except" to introduce occlusion assault to be crucial:

> Bodily-injury assault is a misdemeanor "except" when it is a felony. . . . The statute defining occlusion assault expressly incorporates bodily-injury assault into the definition, so the appellants argue that misdemeanor bodily-injury assault is included in occlusion assault. But what the statute gives, it also takes away: bodily-injury assault is a Class A misdemeanor "except" it is a third-degree felony if the complainant has a relevant relationship to the defendant, and the defendant impedes the victim's normal breathing or blood circulation. Impeding normal breathing or blood circulation describes occlusion assault's required injury.

*Id.* at 806–07 (internal citation omitted). Based on its comparison of statutory elements, including a discussion of occlusion assault's gravamen, the Court concluded that

> [O]cclusion assault without impeding would lack a gravamen. Its statutorily specified injury is unavoidable. The failure to prove it would be like failing to prove bodily injury in other felony bodily injury assaults: there would be no offense. If impeding is not proven, then the evidence is legally insufficient to prove occlusion assault, and *proving a different injury proves a different assault but not an included one* because the statute requires impeding.
>
> . . . .
>
> . . . *[N]on-impeding injuries are not included in occlusion assault because they are not proven by the same or less facts than required to prove occlusion assault; they are proven by different, additional facts.*

*Id.* at 807–08, 809 (emphases added). To reach these conclusions, the Court observed that the statutorily required occlusion injury is not merely different in *degree* from other injuries but is instead different in *kind*:

7

The non-impeding injury is a different injury than impeding. Even a non-impeding injury inflicted on the neck, throat, mouth, or nose would not be proven by the same or less than the facts needed to prove occlusion assault. If pinching the neck caused pain but did not impede normal breathing or blood circulation, the assault would not be included because the assault by pinching would require an additional fact proving a different injury than impeding.

. . . .

. . . [T]he gravamen of occlusion assault is not just any bodily injury but is *exclusively* impeding. In short, impeding is the focus of occlusion assault and defines its allowable unit of prosecution.

. . . .

. . . Occlusion assault has a statutorily specified injury, the injury is the focus of the offense, and proving a different bodily injury proves a different assault rather than an included one.

*Id.* at 807, 808, 809 (emphasis added).

*Ortiz* controls McCall's appeal. Considering the jury charge and the relevant statutory elements in light of *Ortiz*, we conclude that in this case simple bodily-injury assault is not an included offense of occlusion assault because specifying an occlusion injury is exclusive of proof of other bodily injuries. Thus, "proving a different bodily injury proves a different assault rather than an included one." *Id.* at 809. The indictment contains nothing modifying occlusion assault's statutory elements, save for naming the complainant. Constrained by *Ortiz*, we conclude that the trial court erred by submitting simple bodily-injury assault over McCall's objection.

Although *Ortiz* included some limitations on the consequences of its analysis, the limitations do not apply here. First, the Court stated its holding with reference to cases in which the defendant "dispute[s]" one element or another of occlusion assault: "We hold that bodily-injury assault is not a lesser-included offense of occlusion assault when the disputed element is the injury because the statutorily specified injury of impeding normal breathing or blood circulation is

8

exclusive of other bodily injuries." *Id.* at 805. But here, nothing in the statutory elements or the indictment—the only two sources to which we may look in step one of lesser-included analysis, *see Ex parte Watson*, 306 S.W.3d at 263 (citing and applying *Hall*, 225 S.W.3d at 526, 531, 535–36); *accord id.* at 272–73 (op. on reh'g)—reveals which elements of occlusion assault McCall was disputing. Still, to reach its holding, the Court in *Ortiz* needed to conduct the first-step inquiry of comparing statutory elements and the indictment. And based on that analysis and on the statutory elements and indictment here, we must conclude that simple bodily-injury assault was not an available lesser included offense.

Second, the Court in *Ortiz* said that its opinion "does not foreclose all lesser-included-offense instructions for occlusion assault" but gave as examples only cases in which "the evidence" puts only the non-injury elements of occlusion assault "at issue." 623 S.W.3d at 808. The Court then said that the two defendants before it had not shown the right mix of evidence in their cases to support simple bodily-injury assault as a lesser included offense:

> [T]he evidence in these cases did not raise an issue about the relationship between the parties or the possibility of an attempted occlusion assault. Rather, [both defendants] sought instructions for the lesser offense of bodily-injury assault for non-impeding injuries. But non-impeding injuries are not included in occlusion assault because they are not proven by the same or less facts than required to prove occlusion assault; they are proven by different, additional facts. Consequently, neither [defendant] was entitled to the instruction sought.

*Id.* at 808–09. Because the limitations mentioned by *Ortiz* in this instance turn on the evidence and because step one of the lesser-included inquiry forbids review of the evidence, these limitations do not apply here.

We therefore reach the following conclusion based on *Ortiz* (and *Hall*, *Ex parte Watson*, and *Meru*). When, as here, the State charges only occlusion assault in an indictment that

9

does not modify occlusion assault's statutory elements, the State may never receive, over the defendant's objection, a submission of simple bodily-injury assault as a lesser included offense of occlusion assault. *See Meru*, 414 S.W.3d at 164 ("Because this first prong is not met, we need not proceed to the second prong and examine the evidence presented at trial to determine whether a jury could have found Appellee guilty only of criminal trespass.").

The State resists that conclusion by advancing several arguments, but none persuades us. First, the State relies on facts drawn from the evidence admitted at trial to try to distinguish this case from the two underlying *Ortiz*. For example, the State argues that the evidence against McCall tended to show that he caused the complainant non-occlusion bodily injury "as part of the same impulse and continuum of action as the alleged occlusion offense." But we are forbidden from considering the evidence here: we are limited to comparing statutory elements and any averments in the indictment because of *Hall*, *Ex parte Watson*, and *Meru*. *See, e.g.*, *Hall*, 225 S.W.3d at 536 ("Applying the first step of the lesser included-offense analysis in the instant case, we do not consider the evidence that was presented at trial.").

The same goes for the State's argument from the jury charge. Even if, as the State argues, the charge submitted simple bodily-injury assault by submitting all but one of the identical elements that it used to submit occlusion assault, the analysis required of us does not turn on what is in the charge. It turns only on statutory elements and the indictment.

Next, the State argues that *Ortiz* is limited to analyzing lesser included offenses under Code of Criminal Procedure article 37.09(1) and that the Court in *Ortiz* did not consider Article 37.09(2). Subpart (2) of Article 37.09 says that an offense is a lesser included offense if "it differs from the offense charged only in the respect that a less serious injury or risk of injury to

10

the same person, property, or public interest suffices to establish its commission."[2] The State is misreading portions of *Ortiz*. The Court there considered Article 37.09(2) inapplicable—and thus no support for submitting simple bodily-injury assault as a lesser included offense of occlusion assault—"because, even assuming that bodily injury assault requires a less serious injury or risk of injury than occlusion assault, it also differs from occlusion assault in that it does not require a particular relationship between the defendant and the complainant." *Ortiz*, 623 S.W.3d at 805. For that reason, simple bodily-injury assault differs from occlusion assault in one way more than just a differing injury and therefore cannot be a lesser included offense under Article 37.09(2).

The State's response on this score is that because this is a "family violence" case, the relationship element of occlusion assault is "a component of" the conviction for simple bodily-injury assault, thereby allowing the conviction to fit within Article 37.09(2) by differing from occlusion assault based on only a lesser injury. The "family violence" finding to which the State refers is the one called for by Code of Criminal Procedure article 42.013 and which is reflected in the judgment of conviction. That article says: "In the trial of an offense under Title 5, Penal Code, if the court determines that the offense involved family violence, as defined by Section 71.004, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case." Tex. Code Crim. Proc. art. 42.013. An Article 42.013 finding is not an element of any offense. *See Boas v. State*, 604 S.W.3d 488, 492–93 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *see also Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006) (noting that Article 42.013's plain language "assigns the responsibility for

---

[2] Neither of the remaining subparts of Article 37.09—about offenses that differ only in their required culpable mental states and attempt offenses—is raised here. *See* Tex. Code Crim. Proc. art. 37.09(3), (4).

11

making the family-violence determination solely to the trial court"). Because the indictment's averments enter our analysis only when they modify the purported greater offense's elements—not the purported lesser included offense's elements—we do not consider whether the "family violence" finding became "a component of" McCall's conviction for simple bodily-injury assault. *See Meru*, 414 S.W.3d at 162–63; *Ex parte Watson*, 306 S.W.3d at 273 (op. on reh'g).

Further, and as the State acknowledges, the judge who both concurred in and dissented from *Ortiz* made the argument that the State now makes. *See* 623 S.W.3d at 812 (Yeary, J., concurring and dissenting) ("Moreover, depending on the facts, a strong argument might also be made that it would satisfy the definition of the lesser-included offense described by Article 37.09(2) . . . in that it would differ[] from the offense charged only in the respect that a less serious injury . . . to the same person . . . [would] suffice[] to establish its commission[.] The Court is mistaken wholly to foreclose that contingency." (internal quotation and citation omitted) (quoting Tex. Code Crim. Proc. art. 37.09(2))). But the Court's opinion in *Ortiz* indeed "wholly . . . foreclose[s]" Article 37.09(2) as an alternate avenue for submitting simple bodily-injury assault as a lesser included offense of occlusion assault. *See id.* As noted above, *Ortiz* instructs that the statutorily required occlusion injury is not merely different in degree from other bodily injuries but is instead different in kind.

To sum up, *Ortiz* requires that we conclude that the trial court erred by submitting simple bodily-injury assault. So we now must determine whether that error harmed McCall. *See Ngo*, 175 S.W.3d at 743; *Harmel*, 597 S.W.3d at 956. As the State recognizes, even under the more stringent "egregious harm" standard were it to apply, an error that allows a jury to convict a defendant for an uncharged offense that was not a lesser included offense of the one charged egregiously harms the defendant. *Farrakhan v. State*, 263 S.W.3d 124, 145 (Tex. App.—Houston

[1st Dist.] 2006), *aff'd*, 247 S.W.3d 720 (Tex. Crim. App. 2008); *see Schmuck v. United States*, 489 U.S. 705, 717 (1989) ("It is ancient doctrine of both the common law and of our Constitution that a defendant cannot be held to answer a charge not contained in the indictment brought against him."). We therefore sustain McCall's first appellate issue.

His remedy is a reversal of the judgment of conviction and rendition of an acquittal for the offense with which he was charged (and for which the jury acquitted him)—occlusion assault. *See Houston v. State*, 556 S.W.2d 345, 347 (Tex. Crim. App. 1977); *DeLeon v. State*, 583 S.W.3d 693, 704 (Tex. App.—Austin 2018, pet. ref'd); *Douglas v. State*, 915 S.W.2d 166, 169 (Tex. App.—Corpus Christi–Edinburg 1996, no pet.). Simple bodily-injury assault was not within the indictment, and McCall was acquitted of occlusion assault, so there is no remaining simple bodily-injury assault for which McCall could be tried on remand from this appeal. *See Houston*, 556 S.W.2d at 347 (conviction for purported lesser included offense erroneously submitted is a nullity and there is no valid indictment for purported lesser included offense where indictment alleged only purported greater offense); *Farrakhan*, 263 S.W.3d at 145 (defendant acquitted of greater offense but convicted of purported lesser included offense may be retried for purported lesser included offense only upon filing of new charging instrument for that offense (citing *Konchar v. State*, 938 S.W.2d 500, 502 (Tex. App.—Tyler 1996, no pet.))); *Castillo v. State*, 7 S.W.3d 253, 262 (Tex. App.—Austin 1999, pet. ref'd) (reversing conviction and rendering judgment of acquittal because jury acquitted appellant of charged offense and lesser included offense was not supported by sufficient evidence). Because this is McCall's remedy under his first issue, we need not reach any other issue that would not provide him with greater relief. *See* Tex. R. App. P. 47.1; *Ex parte Reyes*, 474 S.W.3d 677, 681 (Tex. Crim. App. 2015); *Farias v. State*, 426 S.W.3d 198, 201 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd).

## EVIDENCE SUFFICIENCY

In circumstances like these, Texas courts note that the defendant, though acquitted for the indicted offense, may still be retried for the unindicted offense for which the defendant was convicted. *See, e.g.*, *Barnes v. State*, 644 S.W.2d 1, 2–3 (Tex. Crim. App. [Panel Op.] 1982); *Trejo v. State*, 313 S.W.3d 870, 874 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd); *Castillo*, 7 S.W.3d at 262. Because of this possibility, McCall's second appellate issue—evidence sufficiency for simple bodily-injury assault—could provide him with even greater relief than an acquittal for occlusion assault because it could bar his retrial for simple bodily-injury assault. *See Benavidez v. State*, 323 S.W.3d 179, 182–83 (Tex. Crim. App. 2010) (remanding to court of appeals for evidence-sufficiency review because "a finding of legal insufficiency on appeal would interpose a jeopardy bar to retrial" for "lesser-but-not-included offense," for which defendant was convicted while he was acquitted of charged offense).

We therefore continue to his second issue, in which he contends that the evidence was "insufficient to support the elements of the lesser included offense."[3] When reviewing for evidentiary sufficiency, "evidence is considered sufficient to support a conviction when, after considering all of the evidence in the light most favorable to the prosecution, a reviewing court concludes that any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Hernandez v. State*, 556 S.W.3d 308, 315 (Tex. Crim. App. 2017).[4]

---

[3] McCall couches his arguments in terms of both legal and factual sufficiency, but precedent requires that we review only for legal sufficiency. *See, e.g.*, *Canada v. State*, 547 S.W.3d 4, 12 n.3 (Tex. App.—Austin 2017, no pet.).

[4] We cite the *Hernandez* opinion on original submission, which the Court affirmed on rehearing, unless otherwise noted. *Hernandez v. State*, 556 S.W.3d 308, 331 (Tex. Crim. App. 2018) (op. on reh'g) ("We affirm our original opinion . . . , and we reject Hernandez's arguments on rehearing for the reasons stated herein.").

The essential elements of the offense are those as defined by the hypothetically correct jury charge for the case. *Id.* at 315. A hypothetically correct jury charge reflects the governing law, the indictment, the State's burden of proof and theories of liability, and an adequate description of the offense for the particular case. *Id.* It includes the statutory elements of the offense as modified by the indictment. *See id.* at 312–13; *Johnson v. State*, 364 S.W.3d 292, 294 (Tex. Crim. App. 2012). The relevant elements here are that (1) McCall intentionally, knowingly, or recklessly (2) caused bodily injury to the complainant. *See* Tex. Penal Code § 22.01(a)(1). The indictment did not modify these elements because it did not allege simple bodily-injury assault.

"Bodily injury" means "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8). Any physical pain, however minor, suffices to establish bodily injury. *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012). The jury may infer that a victim felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it. *See id.*; *Wawrykow v. State*, 866 S.W.2d 96, 99–100 (Tex. App.— Beaumont 1993, no pet.). A jury could reasonably infer that a complainant suffered bodily injury when the defendant impeded the complainant's normal breathing even when the defendant "does not necessarily prevent breathing altogether." *See Marshall v. State*, 479 S.W.3d 840, 845 (Tex. Crim. App. 2106).

Besides "physical pain," "bodily injury" also includes "any impairment of physical condition." Tex. Penal Code § 1.07(a)(8). Texas courts have interpreted "impairment" to include the diminished function of a bodily organ. *Garcia*, 367 S.W.3d at 688; *see, e.g.*, *Camarillo v. State*, 82 S.W.3d 529, 532 (Tex. App.—Austin 2002, no pet.) (impairment established when injury to victim's nose made breathing difficult); *Adams v. State*, 969 S.W.2d 106, 111 (Tex. App.—

15

Dallas 1998, no pet.) (impairment established when defendant interfered with victim's ability to stand and walk).

Here, the evidence included Sanchez's testimony that McCall grabbed her throat, choked her by squeezing her throat, and slammed her head into a truck. This, she testified, caused her severe pain and a knot to develop immediately on her head. It also caused "[e]verything" to go "black" for her, forced her to urinate, and stopped her breathing for a time. The evidence also included testimony about a knot or contusion on her head, observed by her family friend, a sheriff's deputy, and an emergency-room physician. Finally, the physician testified about Sanchez's reports of lost consciousness, double vision, nausea, a headache, and difficulty swallowing and his view that she was showing signs of a concussion. Based on this evidence, we conclude that the jury had before it sufficient evidence to allow any rational trier of fact to find that McCall intentionally, knowingly, or recklessly caused bodily injury to Sanchez in the form of both physical pain and impairment. *See* Tex. Penal Code §§ 1.07(a)(8), 22.01(a)(1); *Hernandez*, 556 S.W.3d at 315. This is all that we must measure the evidence against in the hypothetically correct jury charge for this conviction for simple bodily-injury assault. *See Hernandez*, 556 S.W.3d at 327 (op. on reh'g); *Ramos v. State*, 407 S.W.3d 265, 270 (Tex. Crim. App. 2013); *Landrian v. State*, 268 S.W.3d 532, 533, 536–37, 540 (Tex. Crim. App. 2008).

McCall argues that our review of the evidence must be much narrower. He says that the State needed to prove not just any bodily injury but "strangulation or suffocation" because of the indictment's allegations and the charge given to the jury. He says that the State "tried a felony case" whose theory was that Sanchez "was strangled or suffocated in a way that impeded her blood circulation or blocked her airflow." He therefore reasons that the acquittal for occlusion

16

assault requires the evidence, to support his conviction for simple bodily-injury assault, to have shown a strangulation or suffocation that did *not* impede Sanchez's breathing or blood circulation.

We reject McCall's arguments for two reasons. First, we measure the evidence against the hypothetically correct charge for simple bodily-injury assault, not against the charge actually given. *See Ramjattansingh v. State*, 548 S.W.3d 540, 550–52 (Tex. Crim. App. 2018). This remains true even if the State introduced an "extra burden" for itself in the actual jury charge or if "the State erroneously included unnecessary surplusage in the indictment." *See id.* Thus, it does not matter to our evidence-sufficiency analysis that the actual jury charge here required the jury to find that McCall caused Sanchez's injury either by "applying pressure to [her] throat or neck" or "blocking [her] nose or mouth" to find him guilty of simple bodily-injury assault.

Second, McCall's argument that the jury's not guilty and guilty verdicts required the particular injury that the State needed to prove to be one that did *not* include impeding Sanchez's breathing or blood circulation is a complaint about "inconsistent verdicts." *See, e.g.*, *Hernandez*, 556 S.W.3d at 331 (op. on reh'g). When measuring the sufficiency of the evidence, each count must stand or fall on its own, and when analyzing the sufficiency of the evidence of a particular conviction, we consider *all* of the evidence admitted at trial. *Id.* If a defendant is acquitted of one count and convicted of another based on the same evidence in a single trial, the defendant cannot rely on the inconsistent verdicts to attack the conviction. *Id.* We do not speculate about why a jury returned the verdicts that it did. *Id.* at 321. When a multi-count verdict appears inconsistent, our inquiry is limited to determining whether the evidence is legally sufficient to support the count on which a conviction is returned. *Id.* So long as the evidence supports McCall's conviction for simple bodily-injury assault—which it does—we ordinarily must uphold the conviction. *See id.* This is why we may rely on the evidence of Sanchez's breathing or

17

circulation's having been impeded despite the acquittal on occlusion assault. *See, e.g.*, *Jackson v. State*, 3 S.W.3d 58, 61–62 (Tex. App.—Dallas 1999, no pet.) (rejecting argument that court could not consider evidence of entry when reviewing sufficiency of evidence to support conviction for lesser included offense of criminal trespass despite defendant's acquittal in same trial on greater offense of burglary).

We therefore hold that the evidence was sufficient to support the jury's verdict that McCall was guilty of the Class A misdemeanor of simple bodily-injury assault under Section 22.01(a)(1). There is thus no legal-insufficiency double-jeopardy bar to retrying McCall for simple bodily-injury assault. *See Benavidez*, 323 S.W.3d at 182–83. We overrule McCall's second issue and, as noted above, need not reach his third or fourth.

## CONCLUSION

We reverse the trial court's judgment of conviction on the Class A misdemeanor and render a judgment of acquittal on the charged felony offense of occlusion assault.

_____
Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly
  Concurring Opinion by Justice Baker

Reversed and Acquittal Rendered on Motion for Rehearing

Filed:  September 22, 2021

Publish